### Woody and Another *v.* Pickard.

If one of the holders of a joint promissory note and one of the makers submit to arbitration the question whether the note is valid as to such maker, and the award be that it is not, the award will not bar a suit by all the holders against all the makers of the note.

APPEAL from the *Parke* Circuit Court.

Dewey, J.—Debt by *J. Woody* and *Whitehead* against *Pickard* and *Williams*. The action is founded on a joint promissory note made by the defendants to *T. Woody*, dated *September* 27th, 1841, for 640 dollars payable on the 15th of *April*, 1842, and by *T. Woody* assigned, on the day of its date, to the plaintiffs and one *Chapin*, since deceased. *Williams* made default. *Pickard* pleaded, that on the 10th of *February*, 1844, certain differences having arisen between *J. Woody*, *T. Woody*, and himself, respecting the validity of the note as to him, they entered into a submission of arbitration, by bond, by which the question of the validity of the note as to *Pickard* was referred and submitted to certain arbitrators, who regularly decided and awarded, among other things, that the note was invalid as to *Pickard*. The plea was demurred to and the demurrer overruled. There were several other pleas which led to issues of fact. Final judgment for *Pickard* on the demurrer; nothing being said as to *Williams* in the judgment.

We do not think this judgment can be supported. The demurrer should have been sustained. One of several partners may submit a partnership transaction with a third person to arbitration, and if the award be against the submitting

May Term, 1846.

partner and be not performed, he may be liable on his bond; but he cannot bind his copartners by such submission, without they in some way assent to it; nor will the award rendered thereon bar a joint action by the firm for the same matter or cause of action which was submitted to and passed upon by the arbitrators. *Stead et al.* v. *Salt*, 3 Bingh. 101.— *Boyd* v. *Emmerson*, 2 Ad. & Ell. 184.—See, also, *M'Bride* v. *Hagan*, 1 Wend. 326.—*Karthaus* v. *Ferrer*, 1 Pet. 222.— *Strangford* v. *Green*, 2 Mod. 228.

The reason of this rule is, that submitting matters to arbitration, being no part of the regular business of an ordinary copartnership, is not within the agencies and powers of the partners growing out of their connection in trade. If this be true of partners it must also be true of the joint holders of a promissory note. There is certainly no more intimate connection or implied agency between the latter than the former. We think the award set up in the plea cannot affect the interest or rights of those who were not parties to the submission. It cannot, therefore, defeat the joint right of action by the assignees against the makers of the note. To suffer it to have that effect would be, we think, carrying the rights and liabilities of joint contractors to an unreasonable and injurious extent.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. P. Bryant, A. Kinney,* and *S. B. Gookins,* for the appellants.

*R. W. Thompson,* for the appellee.