Dewey, J.
The defendant insists that this action cannot be maintained ; 1st, Because the award does not embrace all the matters submitted. The more precise objection taken is this, that the submission embraced not only the partnership dealings of the parties, but also all their private dealings, while the award only relates to their copartnership concerns. Upon the face of the submission, it is not entirely certain that the parties originally intended to submit any demands, other than those in some way connected with their copartnership. The recital of the matters inducing the submission, which precedes the enumeratiori of matters submitted, would authorize the inference, that it was with reference solely to partnership concerns. The subsequent part of the submission is broad enough undoubtedly to authorize the construction, that it embraces all demands between the parties, and that had there existed other demands between them, that were subjects of dispute, the arbitrators might have taken sucfi demands into consideration, and awarded concerning them.
But, in our opinion, if it is so, it furnishes no objection to this award, unless it also appears that there were in fact such private demands, the subject of controversy. Karthaus v. Ferrer, 1 Pet. 222, 227.
The case of Houston v. Pollard, 9 Met. 164, cited by the counsel for the defendant, differs materially from the present case, and only holds that where it appears on the face of the submission, that various distinct matters in controversy are the subjects of the submission, and the particular subjects are recited, each of those subjects must be passed upon by the arbitrators, and noticed in their award, or the award will not be valid.
2, It is said that there was no authority given to the arbitrators under the submission, to make an award directing the delivery over to the other party of certain notes of hand. But, we think otherwise, and that such award was well authorized by the nature of the submission and the subject-matter submitted. Kyd on Awards, 114.
3.. The defendant offered to prove by the testimony of one of *133 the arbitrators certain facts tending to show, that although the award was signed by him, yet in fact it was not his award, as he intended to have made the same, and that in making their computations, the arbitrators overlooked. certain items, and made certain omissions, which materially affected the result.
Upon this point, we think, the ruling of the court of common pleas was correct, and that the proposed evidence was inadmissible. It is wholly so upon principle, and authority. Withington v. Warren, 10 Met. 431; Boston Water Power Co. v. Gray, 6 Met. 131; Phillips v. Evans, 12 M. & W. 309.

Exception overruled