Paige, J.
 

 It is objected by the defendant, that the arbitrators have not determined how much was actually paid on the contract between the defendant and Edward and Joseph Ott — a matter specially submitted to their decision — and that the omission to make a determination as to this matter, vitiates the whole award. It is insisted, that the indorsement on the contract is not an award; and, if an award, that it is radically defective, because it does not contain an adjudication of how much had been paid on the contract, up to the date of the bonds of submission.
 
 [1]
 

 I think, the indorsement on the contract may be regarded as a part of the principal award. The indorsement and the award were simultaneous acts of the arbitrators; having been made at one and the same time, they must be considered as constituting but one instrument, and must be construed as such. (Chit, on Cont. 89, and note 1; 13 Wend. 122; 10 Pick. 250, 302.) If the substance of the indorsement had been incorporated in the body of the principal award, or indorsed upon it, it would have been unobjectionable in form, as a determination of the amount paid on the contract.
 

 The indorsement on the contract is good as a distinct award. Any form of words which amounts to a decision T1®3^0118 submitted is good as an award; no technical expressions are necessary, nor any
 
 *457
 
 introductory recitals. (Russell’s Arbitrator 244-5.) On a submission in relation to dilapidations, tbe report of an umpire, in these words, “ I have surveyed and estimated the several works necessary to be done in repairing the dilapidations to a house, &c., and find the same amount to the sum of
 
 551. 5s.,”
 
 was held a good award, binding on the parties.
 
 (Whitehead
 
 v.
 
 Tattersall,
 
 1 Ad. & E. 491.) So the words, “ I am of opinion, that Messrs. M. & Co. are entitled to claim of T. & Co. 134¿., for nonperformance of their contract for 50 puncheons of brandy,” were held by Abbott, C. J., a sufficient award.
 
 (Matson
 
 v.
 
 Trower,
 
 R. & M. 17.) In
 
 Platt
 
 v.
 
 Smith
 
 (14 Johns. 368), where the arbitrators wrote in the margin of their award, the words, “ G. P. is to give up the note which he holds against N. S. & Co., ’’the court held, they were to be considered as a part of the award, and to receive the same construction as if they had been inserted in the body of it.
 

 The arbitrators, in this case, in the indorsement on the contract made and signed by them, adjudicate that the amount paid on the contract, up to the 1st January 1841, is $530.62, and to indicate that this indorsement is made and signed by them, as a separate award, or as part of the principal award, they declare that the amount so paid “by our award, amounts to $530.62.” The indorsement is properly attested by a subscribing witness, as to two of the arbitrators who subscribed the indorsement; the same two who alone subscribed the principal award. The signature of the third arbitrator, who did not unite in the principal award, and which is not attested by the subscribing witness, may be rejected, or regarded as surplusage; the submission only requires that the award be subscribed by two of the arbitrators.
 

 The principal question in this case is, whether the in-dorsement on the contract, considered as an award, valid in its form, is not radically defective, because it does not
 
 *458
 
 *embrace the whole of the specific matter referred, by ail express determination, of the amount paid on the contract,
 
 to the date of the bonds of submission.
 
 The award is confined to the amount paid, up to the 1st day of January 1841, nearly two years prior to the date of the submission bonds.
 

 If the submission is made conditional, by the clause of
 
 ita quod arbitrium fiat de prsemissis,
 
 and recites several distinct matters, which are specifically referred, and the arbitrators omit to decide one of the matters, and there are no general words in the award, which can be construed to embrace a decision on such particular matter, the whole award is bad.
 
 (Baspole’s
 
 Case, 8 Co.
 
 97; Randale
 
 v.
 
 Randale, 7
 
 East
 
 83; Jackson
 
 v. Ambler, 14 Johns. 96; Willes 268;
 
 Wright
 
 v. Wright, 5 Cow. 199; Russell’s Arbit. 250-1, 255;
 
 Rider
 
 v.
 
 Fisher,
 
 3 Bing. N. C. 874;
 
 Simmonds
 
 v.
 
 Swaine,
 
 1 Taunt. 549, per Chambre, J.; 1 Saund. 32, note 1;
 
 Ross
 
 v.
 
 Boards,
 
 8 Ad. & E. 290; 1 Bac. Ab., tit. Arbit. E. 216; Cro. Eliz. 838; Lutw. 545.) Where the submission containing the
 
 ita quod
 
 clause is general, but the adjudication applies in terms only to a particular matter, the award, if it purports to be made concerning the matters submitted, will be presumed good, until it is proved that there were other matters before the arbitrator, which he neglected or refused to decide. (Russell’s Arbit. 258, 261, 264;
 
 Ingram
 
 v.
 
 Milnes,
 
 8 East 444;
 
 Baspole’s Case,
 
 8 Co. 97; 5 Cow.,199; 9 Ad.
 
 &
 
 E. 522; 1 Burr. 277.) No objection can be taken to the award, for the arbitrator’s omission to decide matters not brought to his notice. (Russell’s Arbit. 252; 8 East 444; Cro. Jac. 200; 5 Mylne & Cr. 281; 1 Peters 226; 1 B. & Ad. 723; 2 Ad. & E. 752.) If the arbitrator, on the face of his award, made upon a general submission, expressly excepts from his decision a particular matter within the scope of the submission, the award will be void
 
 in toto.
 
 (Russell’s Arbit. 253; 5 Cow. 199;
 
 Turner
 
 v.
 
 Turner,
 
 3 Russell 494; Willes 268.) An award, made
 
 *459
 
 under a general submission, is final as to matters within the submission, although not brought to the *notice of the arbitrator, nor embraced in his award. The parties are bound to claim before the arbitrator all demands coming within the scope of the submission; and if they fail to do so, they will be concluded from ever after asserting such demands.
 
 (Fidler
 
 v.
 
 Cooper,
 
 19 Wend. 288;
 
 Dunn
 
 v.
 
 Murray,
 
 9 B. & C. 780;
 
 Smith
 
 v.
 
 Johnson,
 
 15 East 213.)
 

 The question in this case is, whether the arbitrators have passed upon the whole of the distinct matter specifically submitted. They have made an adjudication upon such matter; but it is objected, that such adjudication is not co-extensive with the submission; that it does not embrace payments which may have been made on the contract, between the 1st January 1841, and the date of the bonds of submission. The arbitrators, undoubtedly, had power to determine all matters in controversy existing at the time of the submission. (9 Ad. & E. 522, Littledale, J.) They merely determined the amount of the payments made on the contract up to the 1st of January 1841. It is insisted on the part of the appellant, that, as there is no allegation or proof in respect to any payments made after that day, it will be intended there were none. On the other side, it is contended, that as the finding is expressly limited to the 1st day of January 1841, all ground for presumption that the arbitrators intended to embrace in their award the two succeeding years, is precluded. If the submission had been general, to impeach the award, it would have been necessary to show that there were matters in difference in relation to payments made or claimed to have been made between thé 1st January 1841, and the date of the submission bonds, which had been brought to the notice of the arbitrators, and which they had declined to determine. But it is said, that the rule is different iu relation to a specific submission of a distinct matter
 
 *460
 
 In 1 Bacon’s Abr., title Arb. E., p. 217, it is said, “ that if two submit all actions till the 9th of June,
 
 ita quod,
 
 &c., and an award is made of all actions till the 7th, some have *said, this is less than the submission, and void; but the better opinion is, that this is well enough, especially, unless there be shown on the other side, an action arising between the 7th and 9th.” In
 
 Ingram
 
 v.
 
 Milnes
 
 (8 East 450), Lawhence, J., referred with approbation to 1 Com. Dig., tit. Arb. E. 10, where it is said, “ that if an award recites that controversies were depending the 29th of January, and it be made
 
 de et super priemissis
 
 of all matters till the 28th January, it is good; for it shall not be intended, unless it be averred, that any matter was depending on the 29th, which wa§ not so on the 28th.” In
 
 Bussfield
 
 v.
 
 Bussfield,
 
 (Cro. Jac. 577), the submission (dated December 1st) was of all matters and controversies; and the arbitrator awarded that the parties should release to each other all actions and demands which existed before the 28th of November; and it was held, it should be intended that no controversies arose between the 28th of November and the 1st of December. A like decision was made in
 
 Ward
 
 v.
 
 Uncorn
 
 (Cro. Car. 216). In
 
 Barnes
 
 v.
 
 Greenwell
 
 (Cro. Eliz. 858), where the submission was of all suits, &e., depending until the day of the date of the bond of submission, which was the 4th of September, and the arbitrator made an award of all matters until the 3d of September, the court decided, that the award was good, and that it should not be intended, that there were other matters depending, unless they were shown.
 

 These authorities tend to show, that in this case, the court is authorized to presume, that there were no payments made between the 1st day of January 1841, and the date of the submission bonds, or that, on the latter day, there was no matter in controversy depending, in relation to payments on the contract, which was not depending on the 1st January 1841. This is not the
 
 *461
 
 case ,of an omission to determine a distinct matter specifically submitted; here, the arbitrators actually pass upon the matter submitted. They say in their award, that they have heard the proofs and allegations of the parties, and examined the matter in controversy by them submitted in the bonds *of submission; and then they find that the whole amount paid on the contract, up to the 1st January 1841, is $530.62. They declare they have passed upon all the matter submitted, and find the amount paid to that day. It seems to me, under the rule that every reasonable intendment must be made to uphold an award (1 Peters 228; 2 Cow.
 
 &
 
 Hill’s Notes, 1028), that in this case, we must intend that no more than the sum indorsed on the contract had been paid up to the date of the bonds of submission; and that the arbitrators embrace in their finding the whole period down to that time. "We have a right to presume, that there was no evidence before the arbitrators of any payments subsequently to the 1st of January 1841, and that, therefore, they inserted that date in their award.
 
 [2]
 
 This being the conclusion at which I have arrived, I am of opinion, and such is the opinion of the court, that the award is valid and binding upon the parties. The judgment of the supreme court must, therefore, be reversed, and a judgment must be entered in favor of the plaintiffs for the sum found by the special verdict to be due to them.
 

 [1]
 

 A liberal interpretation will be given to a submission and award, so as to uphold the latter, when not attacked for corruption or misconduct of the arbitrators. Curtis
 
 v.
 
 Gokey, 68 N. Y. 300; Locke
 
 v.
 
 Filley, 14 Hun 139.
 

 [2]
 

 Jones
 
 v.
 
 Cuyler, 16 Barb. 576.