ROBERT SHERMAN, Trustee, *vs.* CHARLES A. COBB.

A lease contained covenants for renewal at "such price or rate of rent as such two or three judicious persons as shall be agreed on by said parties shall judge and determine," but did not make the judgment of a majority of these three persons binding.

Under this covenant the lessor and the lessee agreed to submit the rent to two persons, who might select a third to aid them, and also agreed that the award of any two of the three should be binding.

*Held*, that the submission was under the agreement, and not under the lease; that the agreement differed from the lease; and that the submission under the agreement was revocable before award made.

*Flint* v. *Pearce*, 11 R. I. 576, distinguished.

---

ACTION for rent. Heard by the court, jury trial being waived.

*July* 16, 1887. PER CURIAM. This is an action to recover the rent of certain premises used and occupied by the defendant. The plaintiff claims to recover the rent by force of an alleged award, signed by Louis J. Doyle and Henry A. Webb, under a submission to arbitration between him and the defendant, by which it was agreed that said Doyle and James Tiffany should fix the rent; and in case they could not agree, that they should have authority to select a third person to aid them, and that the award of either two of the three should be binding. Doyle and Tiffany selected Webb as the third arbitrator. The defendant submitted evidence to show that before the final conference, at which the award was agreed upon, he revoked the authority of the arbitrators, and that thereupon Tiffany withdrew and no longer acted with the others.

It is a general rule that a party to a submission may, at any time before award made, revoke the authority of the arbitrators. In this case, however, the plaintiff contends that the defendant could not revoke, because the submission was in pursuance of a covenant in the lease under which the defendant occupied. *Flint* v. *Pearce*, 11 R. I. 576. The lease was for five years, with covenant for renewals and appraisal of rent. The covenant, however, is for " such price or rate of, rent as such two or three judicious persons as shall be agreed on by said parties shall judge and determine." In the case at bar only two persons were directly agreed upon as arbitrators, the third having been selected by the two. Perhaps, however, this variation from the covenant might be treated as merely formal, the third being regarded as indirectly selected by the parties. Under the covenant, however, there is no agreement that the award shall be binding unless it is unanimous ; and therefore a mere majority award would not be binding under the covenant. The agreement departs from the covenant in its making a majority award binding. We think, therefore, that the award must be regarded as an award, not under the covenant, but under a new and independent agreement, and that, the authority of the arbitrators having been revoked before it was made, it is invalid.

*James Tillinghast*, for plaintiff.

*Patrick J. McCarthy*, for defendant.