MAJORIQUE PEPIN vs. SOCIETE ST. JEAN BAPTISTE.

| 23 | 81 |
| e24 | 551 |
| 23 | 81 |
| e27 | 442 |

PROVIDENCE—JUNE 5, 1901.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1)  *Beneficial Associations.  By-laws.*

A by-law of a beneficial association which requires every contestation between the society and a member to be referred to and be decided by a committee of five persons, whose decision shall be final, is invalid and no defence to an action brought by a member against the society.

(2)  *By-laws of Beneficial Associations.  Contracts.  Public Policy.*

Courts will not interfere with the by-laws of a society which relate simply to matters of internal administration or of discipline.   Also, by-laws which amount to a condition precedent to a right of action must be first conformed to ; but by-laws which deprive a person of his remedy at law, or impose conditions repugnant to the recognized rules of law in other cases of contracts, are invalid.

ASSUMPSIT.   The facts are stated in the opinion.   Heard on demurrer to plea, and demurrer sustained.

STINESS, C. J.   The plaintiff sues in assumpsit to recover for benefits which he alleges are due to him under the by-laws of the society, to which he also alleges that he has in all things conformed, that he has exhausted all the remedies within the society, and that the society has refused to pay the same.   The defendant pleads specially that a by-law of the society requires every contestation between a society and a member to be referred to and be decided by a committee of five persons, two appointed by the society, two by the member, and the fifth by the other four, and that the decision of the committee is final ; that the defendant was always ready and willing to submit said claim of the plaintiff to such committee, but the plaintiff failed to accept said offer, and refused to submit his said claim to the arbitration of such committee.

The plaintiff demurs to the plea.

The question raised is whether the by-law set up in the plea is a bar to the present action.

By-laws of a society are intended for the internal govern-

ment of its affairs. When they are confined within this scope, courts have no jurisdiction or control over their administration. For example, courts cannot undertake to correct matters which only relate to discipline or procedure in such bodies. By-laws are, however, in the nature of a mutual contract, and to that extent the action of a society under them may be reviewed by a court to preserve personal rights which involve something more than the mere formal action of the society—such as insurance, rights of property, or an illegal exercise of power.

The by-law in this case raises the question whether the provision to submit to an arbitration which shall be final is binding on the plaintiff as a member of the society.

It is a question involving a pecuniary interest which is termed by most cases a property right.

Upon this question there have been two lines of decision. On one side are those cases which hold that a person who becomes a member of a society thereby agrees to its by-laws so as to be bound by them to the extent of having assented to a tribunal whose decision is to be final and, hence, not reviewable by a civil court; that such an agreement is not contrary to public policy, because by it such person has waived nothing which he had not the right and power to waive; and that such tribunal is constituted for the express purpose of settling the difference between members and the society without recourse to legal proceedings. Of this class of cases the following are examples: *Hembeau* v. *Great Camp*, 101 Mich. 161; *Canfield* v. *Knights*, 87 Mich. 626; *Osceola Tribe* v. *Schmidt*, 57 Md. 98.

(2)    On the other side it is held that where there is a contract to pay money, either by way of benefits or insurance, it is in the nature of a property right, which, like all other contracts, is within the jurisdiction of courts of law. We think that the stronger reason is with this class of cases. By this we do not mean that a member is free to come to the courts regardless of the by-laws of his society, but only that he is not in all respects absolutely bound by them. Where, as we have said, the by-laws relate simply to matters of internal

administration, or of discipline, courts will not undertake to review them.    Courts are not established for such a purpose. Also, where the by-laws amount to a condition precedent to a right of action, such as a proper opportunity to hear and examine a claim for the purpose of ascertaining the liability or the amount due, they must be followed before a court will hear a party who has failed thus to conform to his reasonable contract.    This is a principle applicable to all contracts. A familiar illustration is found, in contracts of insurance, in provisions relating to notice, adjustment of loss, and the like. Also in statutory provisions requiring those who have claims against a city or town to present them for a certain time, in order to allow opportunity for investigation.    But where a person who has a right of action is deprived of his remedy, either by non-action or wrong action on the part of the society, or where by-laws impose conditions which would not be allowed to stand, under recognized rules of law, in other cases of contracts, such by-laws are invalid, upon the ground that they operate to deprive a person of his remedy of recourse to the law, which is a common constitutional right.

Among the conditions thus imposed, the one upon which this case arises has often been considered by courts, and that is in regard to a by-law which makes a finding by a committee or by arbitrators, not simply a condition precedent to recovery, but a final and conclusive adjudication between the parties, and so a bar to an action.

The by-law in question involves two conditions: one to submit future disputes to arbitration, and another to make the decision final.    Both conditions are objectionable as a bar to a suit.    The general rule as to arbitrations, outside of covenants in a deed, is that a party may at any time, before award made, revoke the authority of the arbitrators.    *Sherman* v. *Cobb*, 15 R. I. 570.    It would be idle to compel a party to enter into an arbitration which he can forthwith revoke, and which, in order to preserve his rights, he must revoke before an award is made.    *Reed* v. *Washington Ins. Co.*, 138 Mass. 572.    Hence the agreement to submit such disputes as may arise in the future have no binding force,

except in cases where it amounts only to a condition precedent to recovery. The finality of such an agreement is objectionable for several reasons. The reason generally given is that it ousts courts of jurisdiction, and so deprives a party of his rights under the law. While he may waive those rights in a given case, when he knows the circumstances and the effect of his act, it is held to be contrary to public policy for one to bar himself in advance from a resort to the courts for some future controversy of which he can have no knowledge at the time of the original agreement. At first sight this may seem to interfere with the obligation of a contract, but it is not so. All the elements of the contract affecting liability remain, the agreement to arbitrate relating only to remedy. It is to be presumed that a just decision will be reached in either case, and hence neither party suffers injury. A resort to the courts may be very necessary to a claimant because he cannot compel the attendance of witnesses before a voluntary tribunal; or the matter may be of so great interest to the members as to preclude impartial arbitrators. The society, on the other hand, may at any time, if it does not wish to arbitrate, compel a claimant to resort to the courts by refusing to arbitrate or to pay; hence the obligation is not mutual, except in theory.

The right of a party to resort to a court, notwithstanding an agreement to arbitrate, is sustained by the following cases: *Bauer* v. *Samson*, 102 Ind. 262; *Kinney* v. *Baltimore*, 35 W. Va. 385; *Supreme Council* v. *Forsinger*, 125 Ind. 52; *Daniher* v. *Grand Lodge*, 10 Utah, 110; *Wood* v. *Humphrey*, 114 Mass. 185; *Austin* v. *Searing*, 16 N. Y. 112.

Cases involving similar questions have arisen from provisions in policies of insurance. In *Nute* v. *Hamilton Mut. Ins. Co.*, 6 Gray, 174, a by-law required that an action at law should be brought in a particular county, and the policy was subject to the by-laws. Shaw, C. J., said that the remedy does not depend on contract, but on law; and a plea that the suit was not brought in the county named in the by-law was held not to be a defence to the action. *Ins. Co.* v. *Morse*, 20 Wall. 445, raised the question whether a statute, requiring

every foreign company doing business in the State to enter into an agreement that the company would not remove a suit for trial in the federal courts, was valid. It was held that such a statute was unconstitutional and the agreement void. If by-laws, contracts, and statutes abridging a right of resort to courts of law are invalid when they are agreed to in express terms, for a stronger reason should they be held to be invalid when they are agreed to only by implication and relate to controversies which have not arisen and cannot be foreseen.

We therefore decide that the plaintiff's demurrer to the defendant's plea is sustained.

*Arthur M. Allen*, for plaintiff.
*Archambault & Gaulin*, for defendant.