**INDUSTRIAL TRADES UNION OF AMERICA, for itself and on behalf of all employees of the Defendant whom it represents, and particularly Pauline Lussier,**

v.

**DUNN WORSTED MILLS.**

Civ. A. No. 1652.

United States District Court
D. Rhode Island.

May 26, 1955.

Marshall B. Marcus, Providence, R. I., Sidney S. Grant, Boston, Mass., for plaintiff.

Owen P. Reid, Providence, R. I., for defendant.

DAY, District Judge.

This action was brought under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185. The plaintiff, Industrial Trades Union of America, is a labor organization having a membership of approximately ten thousand persons located in Rhode Island and Massachusetts, among whom are included the employees of the defendant, Dunn Worsted Mills, and Pauline Lussier on whose behalf it brings this action. The defendant, Dunn Worsted Mills, is a corporation engaged in the manufacture of textile products with its plant located in Woonsocket, Rhode Island. It is undisputed that the business operations of the defendant affect commerce within the meaning of the Labor Management Relations Act of 1947.

The plaintiff and defendant have had successive labor agreements for many years, one of said agreements being in effect at all times during which this controversy arose. Said labor agreement contains certain provisions, among others, concerning the exercise of seniority rights, the settlement of grievances, the obtaining of leaves of absence by employees, and the arbitration of grievances in the event the parties are unable to settle the same.

The complaint alleges that the defendant, Dunn Worsted Mills, has employed Pauline Lussier as a burler since 1940; that on or about March 20, 1953 the said Pauline Lussier became ill and was unable to continue her work; that thereafter she attempted to return to work in accordance with her seniority rights under the contract; that she was refused reinstatement by the defendant; that resort was had to the grievance procedure under the collective bargaining agreement in effect at that time; that, no agreement having been reached for the disposition of said grievance, the plaintiff invoked the arbitration procedure under the contract;

that the defendant, although given due notice of the arbitration date, time and place, refused to participate and did not attend the arbitration hearing; that the arbitrator thereupon proceeded to a hearing and upon the conclusion thereof rendered an award and that the defendant has refused to pay to the said Pauline Lussier damages as prescribed in the award or to reinstate her to her former employment.

Plaintiff demands judgment for all sums due the said Pauline Lussier under the award and seeks an order from this Court directing the defendant to comply with said award by immediately reinstating Pauline Lussier to her former position in accordance with the terms of the arbitrator's award.

Article N of the collective bargaining agreement in effect between the plaintiff and defendant at the time the present dispute arose provides for the adjustment of grievances between the parties to the agreement. Section 2(c) thereof contains the following clause relating to arbitration:

"(c) Upon failure of the aforementioned parties (as described in "b" above) to settle the alleged complaint, grievance or dispute after conferences thereon have been commenced following the presentation of the written grievance, then and in that event within forty-eight (48) hours after such failure to agree has occurred, it shall be incumbent upon the parties to submit the issue to arbitration. The party requesting arbitration shall so notify the other party in writing, stating the nature of the matter to be arbitrated. The Union shall designate an arbitrator and notify the Employer of its choice. The Employer shall designate an arbitrator and notify the Union of its choice. The two arbitrators so chosen shall endeavor to agree upon a third or impartial arbitrator. If the two arbitrators are unable to agree upon a third arbitrator within forty-eight (48) hours then and in that event, the parties shall request the American Arbitration Association to designate the impartial arbitrator. The Board of Arbitration shall not modify or change the contract. The decision of a majority of the Board of Arbitration shall be final and binding on all parties hereto. The Expenses of arbitration shall be borne equally by the parties."

The evidence adduced at the trial of this action established that the said Pauline Lussier while absent from her work on sick leave, so-called, applied for and was paid unemployment compensation benefits by the State of Rhode Island on the ground that she was unemployed; that payment thereof was terminated when the defendant notified the proper authority that she was no longer employed by it, having voluntarily terminated her employment; that she thereupon sought to return to her job with full seniority rights; that the defendant refused to reinstate her with such seniority rights but agreed to reemploy her in the status of a new employee, claiming that she had voluntarily terminated her employment; that the plaintiff insisted she was entitled to restoration to her former status as to seniority and endeavored to settle this dispute under the grievance procedure provided in Sections 2(a) and 2(b) of said Article N; that upon the failure to do so, the plaintiff requested the defendant to submit this issue to arbitration in accordance with Section 2(c) of said Article N; that the defendant took the position that there was no arbitrable dispute between the parties and refused to submit the issue to arbitration and declined to designate an arbitrator; that the plaintiff designated an arbitrator, and that upon its request, one John A. Hogan, was designated by the American Arbitration Association as "the third or impartial arbitrator".

The evidence further established that upon the refusal of the defendant to designate an arbitrator the plaintiff waived its right to be represented in the

arbitration proceedings by its arbitrator and that the third or impartial arbitrator proceeded to act alone; that he gave the defendant notice of the date, place and hour of the proposed hearing to be held by him as such sole arbitrator; that the defendant was not represented at and declined to participate in any manner in said hearing; and that following said hearing the sole arbitrator made the award which plaintiff seeks to enforce in this action.

In the case of The Newspaper Guild of Pawtucket v. Times Publishing Co., D.C., 131 F.Supp. 499, I held that a federal district court had no jurisdiction to compel specific performance of executory agreements to arbitrate disputes arising out of collective bargaining agreements.

Where, however, a dispute is submitted to arbitration by parties pursuant to an arbitration agreement and a valid award is made in conformity with such agreement, a different rule prevails. In such a situation a federal court will grant specific performance to enforce the award on the same principles that apply to enforcement of contracts. McNeil v. Magee et al., C.C.Mass.1829, 16 Fed.Cas. No. 8,915, p. 326, 5 Mason 244; United Fuel Gas Co. v. Columbian Fuel Corporation, 4 Cir., 1948, 165 F.2d 746; see also Red Cross Line v. Atlantic Fruit Co., 264 U.S. 109, 44 S.Ct. 274, 68 L.Ed. 582. Where the award is for the payment of money, it may be enforced by appropriate proceedings at law. Karthaus v. Ferrer et al., 1 Pet. 222, 26 U.S. 222, 7 L.Ed. 121; Red Cross Line v. Atlantic Fruit Co., supra.

The validity of the award which the plaintiff here seeks to enforce must be determined in accordance with the substantive law of Rhode Island where the agreement of which the arbitration clause is a part was made and the arbitration was held. Association of West-inghouse Salaried Employees v. Westinghouse Electric Corp., 348 U.S. 437, 459, 75 S.Ct. 488; Tejas Development Co. v. McGough Bros., 5 Cir., 1948, 165 F.2d 276, 279.

The rule is well settled that at common law submission to arbitration cannot be specifically enforced and either of the parties to the submission may revoke it at any time before an award is made. The remedy of the party aggrieved by such revocation is an action for a breach of the agreement to submit to recover damages, if any, caused by the revocation of the other party. And obviously at common law if there is no submission to arbitration there can be no valid award.

In Rhode Island except in cases within the purview of Chapter 475 of the General Laws of Rhode Island 1938, known as the "Rhode Island Arbitration Act", which by its terms does not apply to collective bargaining agreements, the common-law rule as to the effect of a revocation of the submission prevails. Sherman v. Cobb, 15 R.I. 570, 10 A. 591; Pepin v. Societe St. Jean Baptiste, 23 R. I. 81, 49 A. 387.

In the present case the defendant as soon as arbitration was requested refused unequivocally to appoint an arbitrator or to make a submission to arbitration. It was not represented at the hearing before the sole arbitrator, did not participate therein and did not do anything that could be regarded as a ratification of the unauthorized actions of the sole arbitrator selected at the request of the plaintiff.

In my opinion, since there was no submission by the defendant to arbitration, the so-called arbitration proceedings were a nullity and the award is invalid. See Tejas Development Co. v. McGough Bros., supra.

Judgment shall be entered for the defendant.