**LOCAL 149, BOOT AND SHOE WORKERS UNION, AFL-CIO, Plaintiff,**

v.

**FAITH SHOE COMPANY, 25-43 Beekman Street, Wilkes-Barre, Penna., Defendant.**

**Civ. A. No. 7367.**

United States District Court
M. D. Pennsylvania.

Jan. 15, 1962.

Harold Tull, Harrisburg, Pa., Bernard N. Katz of Meranze Katz & Spear, Philadelphia, Pa., for plaintiff.

Arthur A. Maguire, and B. Todd Maguire, Wilkes-Barre, Pa., for defendant.

SHERIDAN, District Judge.

Local 149, Boot and Shoe Workers Union, AFL–CIO, plaintiff, filed a complaint to enforce an arbitration award of $116,-600.00, plus interest and costs, against Faith Shoe Company, Wilkes-Barre, Pennsylvania, defendant. Jurisdiction is based on § 301 of the Labor Management Relations Act of 1947, as amended, Title 29 U.S.C.A. § 185. Defendant has moved to dismiss the complaint.

The complaint alleges that a collective bargaining agreement between plaintiff and defendant provided for final and binding arbitration of all claims, controversies, differences, disputes or grievances of any nature or character; for arbitration by an arbitrator appointed by the American Arbitration Association; and for arbitration in accordance with the rules of that association, which provide that arbitration may proceed in the absence of any party, who, after due notice, fails to be present or fails to obtain an adjournment.

The complaint also sets forth the following. A dispute arose between plaintiff and defendant concerning the removal of work from defendant's Wilkes-Barre plant to its plant in Oil City, Pennsylvania. Plaintiff made demand upon defendant to arbitrate the dispute. An arbitration hearing was set tentatively for June 5 and 6, 1961, at 10:30 o'clock A.M. At the request of defendant's counsel the hearing was continued to July 11, 1961, at 10:30 o'clock A.M. On May 17, 1961, formal notice of the place, date and hour of the hearing was served on the defendant as well as on defendant's counsel.

At the appointed day and hour the arbitrator and the Union representatives were present for the hearing, but representatives for the defendant did not appear. A representative of the American Arbitration Association advised defendant's counsel by telephone that the plaintiff and the arbitrator were waiting to start the hearing. Defendant's counsel replied that the company had decided not to appear or participate in the hearing, and that the company would not have an observer at the hearing. Defendant's counsel was advised that the hearing would proceed without representation by the defendant. The arbitrator proceeded to hold the hearing.

On the day following the hearing a representative of the American Arbitration Association advised both defendant and defendant's counsel that the hearing had been conducted, and that the arbitrator would continue the closing of the hearing until July 25, 1961, so that the defendant could submit statements on its position. The defendant submitted no statements. The hearing was closed, and the plaintiff was awarded compensatory damages of $116,600.00.

Exhibits to the complaint include copies of the following: the collective bargaining agreement, the demand for arbitration, the rules of the American Arbitration Association, the opinion of the arbitrator, the award of the arbitrator, and correspondence between defendant's counsel and the American Arbitration Association.

Defendant assigns eight reasons to dismiss the complaint. The substance of these can be condensed to the following: (a) the complaint fails to state a claim on which relief can be granted; (b) the court lacks jurisdiction over the subject matter; (c) the conditions precedent to arbitration were not complied with; (d) the grievance was not arbitrable; (e) the arbitrator was without authority to arbitrate or render an award.

■ In support of its contention that the complaint fails to state a claim on which relief can be granted, the defendant cites Foodhandler's Local 425, Etc. v. Pluss Poultry, Inc., 8 Cir., 1958, 260 F.2d 835 and Industrial Trades Union of America, Etc. v. Dunn Worsted Mills, D.R.I.1955, 131 F.Supp. 945, which held that ex parte arbitration awards were void and unenforceable. The defendant's contention appears to be that an ex parte arbitration award is void, and that an action to enforce such an award fails to state a claim on which relief can be granted. We disagree for the following reasons.

■ First, in the cases relied on by the defendant the collective bargaining agreements included arbitration provisions different than the arbitration provisions in the instant case. In those cases the arbitration clauses provided no means by which an arbitration hearing could proceed in the absence of one of the parties to the agreement. In this case the collective bargaining agreement, which incorporated the rules of the American Arbitration Association, provides for selection of an arbitrator and for arbitration without the participation of one of the parties.

■ Second, an ex parte arbitration award, under the circumstances alleged in the complaint, is not void. A party may expressly authorize an arbitrator to receive evidence even though that party is not present at the arbitration hearing. Standard Magnesium Corporation v. Fuchs, 10 Cir. 1957, 251 F.2d 455; Kentucky River Mills v. Jackson, 6 Cir. 1953, 206 F.2d 111, 47 A.L.R.2d 1331; A/S Ganger Rolf v. Zeeland Transportation, Ltd., S.D.N.Y.1961, 191 F.Supp. 359. The rules of the American Arbitration Association provide that the arbitrator may receive evidence from one party to the dispute, in the absence of the other party, if the absent party after due notice fails to be present or fails to obtain an adjournment. Rule 27 provides:

"27. Arbitration in the Absence of a Party—Unless the law provides to the contrary, the arbitration may proceed in the absence of any party, who, after due notice, fails to be present or fails to obtain an adjournment. An award shall not be made solely on the default of a party. The Arbitrator shall require the other party to submit such evidence as he may require for the making of an award."

■ The complaint alleges that due notice of the hearing had been given the defendant, and that formal notice had been duly forwarded to the defendant and its counsel. Moreover, on the day of the hearing defendant's counsel was notified again of the hearing, and on advice that the defendant would not appear or be represented at the hearing, defendant's counsel was advised that the hearing would proceed without representation by the defendant. There is no indication that an adjournment was requested or that objections were made. The defendant, having been notified of the time and place of the hearing, waived its right to be present and to be heard. Seldner Corp. v. W. R. Grace & Co., D.Md.1938, 22 F. Supp. 388.

Industrial Trades Union of America, Etc. v. Dunn Worsted Mills, supra, cited by the defendant, also held that the law of the state in which the collective bargaining agreement was made governs the substantive rights of the parties. However, in Textile Workers Union of America v. Lincoln Mills of Alabama, 1957, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972, the Supreme Court held that in suits under Title 29 U.S.C.A. § 185, the substantive law to be applied is federal law which the courts must fashion from the policy of our national labor laws. Pennsylvania law, however, is not contrary to the principles above set forth. See Curran v. City of Philadelphia, 1919, 264 Pa. 111, at page 119, 107 A. 636; Powell v. Sonntag, 1946, 159 Pa.Super. 354, at page 361, 48 A.2d 62.

■ A motion to dismiss a complaint for failure to state a claim on which relief can be granted admits the

facts alleged in the complaint but challenges the plaintiff's right to relief. The complaint should not be dismissed unless it appears to be a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claim. Hughes v. Local No. 11 of International Association of Bridge, Etc., 3 Cir. 1961, 287 F.2d 810; Frederick Hart & Co. v. Recordgraph Corporation, 3 Cir. 1948, 169 F.2d 580.

The complaint alleged that an arbitration hearing had been conducted in accordance with the provisions of a collective bargaining agreement in effect between the plaintiff and defendant, that the defendant was given due notice of the hearing and an opportunity to be heard, and that the defendant has refused to pay an award issued in favor of the plaintiff pursuant to the arbitration hearing. If these allegations are proven, the plaintiff would have an enforceable claim. Therefore, the complaint does state a claim on which relief can be granted.

■ The second reason assigned by the defendant is that the court lacks jurisdiction over the subject matter. The defendant argues that the arbitrator did not find that an oral agreement, the alleged breach of which gave rise to the dispute and arbitration in this case, was made between the parties to the collective bargaining agreement. The defendant also argues that the alleged oral agreement was personal to Robert Yourren, a Union representative to whom the promise was made, and an arbitration award made pursuant to the breach of the agreement is not subject to enforcement under § 301.

The complaint seeks to enforce an arbitration award, made pursuant to a collective bargaining agreement, for lost wages of employees who were allegedly made idle by defendant's transfer of work from its Wilkes-Barre plant to its Oil City, Pennsylvania, plant. An action by a labor organization to enforce an arbitration award made pursuant to a collective bargaining agreement against a defendant employer whose activities affect commerce is properly brought in the United States District Court in the district where the labor organization maintains its principal office, or where its duly authorized officers or agents are engaged in representing or acting for employee members. Labor Management Relations Act, 1947, § 301(a, b, c), Title 29 U.S.C.A. § 185(a–c); Textile Workers Union of America v. Cone Mills Corp., 4 Cir. 1959, 268 F.2d 920.

The defendant does not question that its activities affect commerce or that the location or activities of the labor organization brings it within the court's jurisdiction.

In Textile Workers Union of America v. Cone Mills Corp., supra, the court said that Title 29 U.S.C.A. § 185, was intended by Congress to place the enforcement of the arbitration clauses of labor contracts in the hands of the federal courts even if employees are the ultimate beneficiaries, and to give effect to employer-union contracts and to afford full relief for breaches of these contracts. The court stated that in the enforcement of arbitration awards, the right of action is based in the last resort on breach of contract between the parties so that jurisdiction comes within the literal terms of the statute. In A. L. Kornman v. Amalgamated Clothing Workers, 6 Cir. 1959, 264 F.2d 733, 737, the court said,

"Here, the arbitration has been completed, an award has been granted in favor of the union; and the union now seeks enforcement of that award by means of a suit in its behalf for a money judgment in an amount identical with that of the award. The company contends that this means of enforcement is prohibited by the Westinghouse case, supra [Association of Westinghouse Salaried Employees Westinghouse Corp., 348 U.S. 437, 75 S.Ct. 489, 99 L.Ed. 510], and that the sole means of redress is for each employee to institute a separate action in the state court for his, or her, portion of the award.

"We are not in accord with that argument. If the United States District Courts have jurisdiction and may order compliance with the grievance arbitration provisions of a collective bargaining agreement, they must necessarily have jurisdiction to enforce the resulting awards."

See also, Enterprise Wheel and Car Corp. v. United Steelworkers, 4 Cir. 1959, 269 F.2d 327.

The instant case falls within the above principle. On the present record, this action is not to enforce a promise made to an individual, but to enforce an arbitration award made pursuant to a collective bargaining agreement concerning an alleged breach of an agreement of defendant not to transfer work to its Oil City, Pennsylvania, location, if the result would be to place its Wilkes-Barre, Pennsylvania, employees on a lay-off status.

The complaint shows that the president of the defendant company orally agreed not to transfer work in consideration of certain agreements on the part of the Union. This alleged oral agreement was made by one of the Union representatives who had signed the collective bargaining agreement. Defendant argues that if such an oral agreement was made, it was personal to the Union representative who made it. These are factual issues which do not affect the jurisdiction of the court on a motion to dismiss.

■ The other reasons advanced by the defendant, viz., that the conditions precedent to arbitration were not complied with, the grievance was not arbitrable, and the arbitrator was without authority to arbitrate or render an award are matters which should not be the basis of a motion to dismiss. These are not defenses enumerated in Fed.R.Civ.P. 12 (b), 28 U.S.C. Syracuse Broadcasting Corp. v. Newhouse, N.D.N.Y.1953, 14 F. R.D. 168; Bowles v. Glick Bros. Lumber Co., 9 Cir. 1945, 146 F.2d 566. Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, §§ 279 and 349 to 351. In his argument on these reasons,

as well as on the contention that the oral promise was made to an individual and not to a party to the collective bargaining agreement, defendant's counsel stated facts which are not in the record. These statements cannot be considered on the motion to dismiss. They may be relevant at the trial.

Motion to dismiss the complaint will be denied.