Morris E. Spector, J.
Petitioner moves for confirmation of an award and for the entry of judgment thereon. Demand for arbitration was made by the petitioner upon the respondent. Involved were several claims of violation of the agreement made between these parties and the additional contention that the plant operated by Controlled Castings Corp. is a “ runaway shop ” under the same management which had operated the respondent’s plant. The award was made against the respondent and/or Controlled Castings Corp., and the petitioner seeks entry of judgment against both corporations. Controlled Castings Corp., appearing specially moves for an order vacating the award on the ground that it had received no notice of arbitration, *32 that petitioner had failed to comply with the provisions of sections 1450 and 1458 of the Civil Practice Act and that the arbitrator exceeded his power in making an award against Controlled Castings Corp.
As to the respondent, at least, the question of identity of interest, whether Controlled is the alter ego of Castwell and whether both plants were under identical management was properly an issue for the arbitrator to determine in fixing the liability of the respondent. The question remains whether in the circumstances here the arbitrator had authority to find and to award against Controlled.
In Matter of Acme Baking Corp. (Dist. 65, Distributive, Processing & Office Workers of America) (2 A D 2d 61, affd. 2 N Y 2d 363) the proceeding was brought against the original contracting employer and an award made against it, with respect to its continued manufacturing of the same products at other plants owned by other corporations, was confirmed. Accordingly, there, while the issue of alleged successors or alter egos, was held to be properly before the arbitrator, the liability was imposed on the original contractor.
In Matter of Livingston (Cheney-Frantex, Langford-Weavers) (14 A D 2d 518) an award against another corporation not a party to the contract or the arbitration proceeding was held to be invalid. In Matter of Reif (Williams Sportswear) (9 N Y 2d 387) the corporation was the successor to a partnership. It was there held that the corporation was liable with respect to debts and contract obligations of its predecessor as its alter ego. There, however, the successor corporation was named as a respondent in the arbitration proceeding and the question was also raised as to the claimed ratification by the successor of the predecessor’s contract. That question was held one for the arbitrator and accordingly a stay of arbitration was denied.
In Matter of Livingston (Gindoff Textile Corp.) (191 F. Supp. 135) an application was made to bring in an additional party to the arbitration. The application was denied it being held whether a ‘ ‘ runaway shop ’ ’ was involved or whether there was merit to the claim against the other party was not before the court and the party sought to be brought in could not be compelled to arbitrate. In Local 149, Boot & Shoe Workers Union v. Faith Shoe Co. (201 F. Supp. 234) the question of a “ runaway ” plant was involved but also only one party was involved. In Zdanok v. Glidden Co. (288 F. 2d 99) the issue here involved was not tendered. There the employees were permitted to maintain a plenary suit as third-party beneficiaries after arbitration had been denied and only one company was involved.
*33 While Controlled has cross-moved, appearing specially, yet it has argued the merits and accordingly the controlling question is whether the award as to it, is based on the exercise of power conferred. The authorities relied on by the petitioner do not support its position. It does not follow that the petitioner is without remedy against Controlled but relief cannot be obtained against it as the result of this arbitration proceeding, it not having been a party to the contract or to the arbitration.
Accordingly the motion to confirm is granted as to the named respondent and it is otherwise denied and the cross motion is granted vacating the award as to the cross movant.