■ RONALD BOGARD, Appellant, v RODMAN W. PAUL, JR., et al., Respondents. [662 NYS2d 475] —Order and judgment (one paper), Supreme Court, New York County (Edward Lehner,

J.), entered November 6, 1996, which, *inter alia*, granted defendant's motion to confirm an arbitration award directing plaintiff to sell to defendant his interest in certain real property upon specified terms and conditions, and denied plaintiff's cross motion to vacate the award, and order, same court and Justice, entered December 23, 1996, which directed plaintiff to pay transfer taxes upon conveyance of his interest in the subject property, unanimously affirmed, with costs.

The meaning and effect of the disputed buy-out provision are clearly within the scope of the broad arbitration clause, and its claimed misinterpretation by the arbitrator as a buyer-initiated rather than a seller-initiated provision is not a ground for judicial interference (*see, Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 307-308). Nor is it a ground for interference that the arbitrator did not set forth how he arrived at the price for the buyout (*see, Matter of Aimcee Wholesale Corp. [Tomar Prods.]*, 21 NY2d 621, 626), which, given the evidence of appraised value, can hardly be said to be "completely irrational" (*Matter of National Cash Register Co. [Wilson]*, 8 NY2d 377, 383). It was also proper for the court to implement the award by directing that plaintiff pay the transfer taxes upon conveyance of his interest in the property (*see, Matter of Marfrak Realty Corp. v Samfred Realty Corp.*, 140 AD2d 524, *lv denied* 74 NY2d 614). Concur—Sullivan, J. P., Ellerin, Nardelli, Williams and Andrias, JJ.