■ In the Matter of CYRIL BAINES, Appellant, v DANIEL SHAPIRO, Respondent. JARON REJTIG, Nonparty Appellant. [672 NYS2d 690] —Order and judgment (one paper), Supreme Court, New York County (David Saxe, J.), entered November 14, 1996, which granted respondent's motion to confirm an arbitration award and to enjoin petitioner from circumventing the award, directly or through nonparty appellant law firm, and which denied the cross motion of petitioner and nonparty appellant to vacate the award, conditionally granted respondent's motion to punish petitioner and nonparty appellant for contempt, awarded respondent the principal sum of $644,300 and granted related relief with respect to the dissolution of the firm of Shapiro & Baines, unanimously affirmed, with costs.

Petitioner, in seeking to vacate the subject arbitration award, has not met his burden of demonstrating, by clear and convincing evidence, actual bias on the part of the arbitrators (*see,*

e.g., *Matter of Kessler Motor Cars v Ferrari N. Am.,* 245 AD2d 209). Nor has petitioner demonstrated that there was an appearance of partiality based on an undisclosed conflict of interest (*see, e.g., New York Rests. Exch. v Chase Manhattan Bank,* 226 AD2d 312, 315, *lv dismissed* 89 NY2d 861). Nor can the award be vacated upon the ground that the underlying contract was misconstrued by the arbitrators, since, even if we disagreed with the arbitrators, it would not be proper to substitute our construction of the contract for theirs (*see, Maross Constr. v Central N. Y. Regional Transp. Auth.,* 66 NY2d 341, 346). Finally, the IAS Court, in adjudicating this application pursuant to CPLR article 75, properly included in its disposition provisions needed to implement and prevent circumvention of the award (*see, Bogard v Paul,* 242 AD2d 479), including those prohibiting petitioner from acting through an entity he clearly controls (*cf., International Bhd. of Teamsters [Castwell Foundry Corp.],* 37 Misc 2d 31). We have considered the remaining arguments of both petitioner-appellant and the nonparty appellant, and find them to be without merit. Concur—Lerner, P. J., Nardelli, Wallach, Rubin and Mazzarelli, JJ.