**ENGINEERS ASSOCIATION, Petitioner-Appellee,**

v.

**SPERRY GYROSCOPE COMPANY, DIVISION OF SPERRY RAND CORPORATION, Respondent-Appellant.**

No. 38, Docket 24605.

United States Court of Appeals
Second Circuit.

Argued Oct. 14, 15, 1957.

Decided Dec. 27, 1957.

**134**

Roosevelt & Freidin, New York City (Emanuel L. Gordon, New York City, of counsel), for appellant.

Mayer, Weiner & Mayer, New York City (Henry Mayer, Abraham Weiner, New York City, of counsel), for appellee.

Before MEDINA, HINCKS and WATERMAN, Circuit Judges.

WATERMAN, Circuit Judge.

Engineers Association (EA), a labor organization representing the non-supervisory professional engineers and technicians employed by Sperry Gyroscope Co. at the latter's plant in Great Neck, New York, proceeded in the District Court to compel Sperry to submit to arbitration in accordance with the terms of a collective bargaining agreement between the parties. The court, after a hearing, granted the relief requested and Sperry appeals. Reversal is sought on the grounds that (1) the District Court lacked jurisdiction, (2) the demand for arbitration was premature because of the failure of the union to exhaust the grievance procedure as required by the contract, and (3) under the terms of the contract the dispute is not arbitrable.

In March 1956, Sperry and EA entered into a collective bargaining agreement governing the terms and conditions of employment of the employees represented by the union. Several months later Sperry began construction of a new plant in Salt Lake City, Utah; and, in connection therewith, requested a number of its employees to transfer to a customer installation unit in Pasadena, California. It was understood that employees consenting to the transfer were to be assigned to the Utah plant when the construction of that plant was completed. There is no indication in the record as to how many employees Sperry approached about this program, but, in any event, twenty-eight employees consented to the transfer. Sixteen of these twenty-eight received an increase in salary. EA alleges that the salary increases were granted to provide an incentive to transfer to the new plant. Consequently, it contends, the salary increases violated that provision of the collective bargaining agreement which specifies that "Salary increases for individual employees * * * shall be on a merit basis only." Sperry denies that the salary increases were granted for considerations other than merit; and, in addition, asserts that the granting by it of merit increases is not arbitrable under the contract. In support of this assertion it relies upon the recital in the contract that "merit increases are at the sole discretion of the Employer * * *"

█ EA invoked the jurisdiction of the District Court under "Section 301 of the Labor Management Relations Act,

1947, U.S.C. Title 29, Section 185 and the United States Arbitration Act, U.S.C. Title 9." We need not determine whether jurisdiction might be sustained under the latter act, cf. Signal-Stat Corp. v. Local 475, 2 Cir., 1956, 235 F.2d 298, certiorari denied, 354 U.S. 911, 77 S.Ct. 1293, 1 L.Ed.2d 1428, since it is clear that Section 301 of the Labor Management Relations Act confers power upon the District Courts to compel arbitration in accordance with the terms of a collective bargaining agreement. Textile Workers Union v. Lincoln Mills, 1957, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972.

Sperry urges, however, that the present proceeding was commenced by Petition and Notice of Motion, a procedure it claims is authorized only by the Federal Arbitration Act. Hence, it contends, the present proceeding was not a suit commenced under Section 301, and Lincoln Mills is, therefore, not dispositive of the jurisdictional issues presented on this appeal. We may assume, without so deciding, that Sperry is correct in its contention that proceedings under Section 301 must be commenced by the filing of a complaint and the service of a summons. Nevertheless, the petition clearly invoked the jurisdiction of the District Court under Section 301. Sperry failed to object to the manner in which the proceeding had been commenced; and with-

in twenty days following service upon it of the Petition and Notice of Motion filed its answer, denying that an arbitrable dispute existed and alleging that EA's demand for arbitration was premature. The answer did not state that there had been any impropriety in commencing the proceeding by petition. The failure to do so is a waiver by Sperry and it is precluded from asserting this contention at this time. See Rule 12(h), Fed.Rules Civ.Proc., 28 U.S.C.

A clause of the collective bargaining agreement at issue here requires as a condition precedent to arbitration that the grievance procedure elsewhere provided for in the contract be exhausted prior to a demand for arbitration.[1] In compliance with this requirement EA filed a grievance [2] with Sperry and therein stated its objections to the salary increases that are the basis of the present dispute. The employer denied the charges made by the union. During the next several months the parties discussed the subject matter of the grievance and exchanged correspondence. These negotiations failed to result in a settlement of the grievance. Finally EA notified Sperry of its intention to submit the dispute to arbitration, and, upon the latter's failure to comply with the demand, initiated the within proceeding. The District Court found that each step of the griev-

---

1. Immediately following that portion of the contract setting forth the grievance procedure, the contract provides:
   "F. Arbitration
   "1. Unless otherwise provided elsewhere in this Agreement, all disputes, differences or grievances arising out of the interpretation or application of the provisions of this Agreement that shall not have been satisfactorily settled within two weeks following the procedure hereinabove set forth shall, at the request of either party, be promptly submitted to arbitration."

2. A dispute such as the present one is termed by the contract an "Association-Employer Grievance." The procedure for dealing with such disputes is set forth in Article 20 of the contract which provides, in pertinent part:
   "B. Association-Employer Grievances
   "1. All disputes, differences or griev-

ances that may arise between the Association and the Employer, or between the Employer and the Association, shall be taken up between the Association Grievance Committee and the Vice Presidents for Operations and for Industrial Relations, or their duly designated representative or representatives. Subsequent handling of such disputes, differences, and grievances shall be in accordance with the provisions of paragraphs (b) and (c) of Part A above."

The pertinent portion of paragraph (b) states that "The Employer shall notify the Association in writing within two weeks after this meeting of its decision" and paragraph (c) provides that "In the event that the Association does not accept the Employer's answer, it shall, within two weeks after the receipt thereof, notify the Employer of its intention to submit the same for arbitration."

ance procedure provided for in the contract had been completed. Sperry alleged that there had been an agreement between the parties to modify the prescribed grievance procedure so that Sperry might file a supplemental answer to EA's claim. On this issue the findings of the District Court rejecting Sperry's allegation are fully supported by the record.

The principal issue on this appeal is whether the dispute between the parties that caused EA to file its grievance is an arbitrable dispute under the language of the collective bargaining agreement. Merely because the dispute was "grievable," it does not necessarily follow that it was also arbitrable. The grievance procedure established by the contract covers a wider range of controversies than the arbitration clause. The former extends to "all disputes, differences or grievances that may arise between the Association and the Employer * * " The latter clause is more limited. It provides for the submission to arbitration of "all disputes, differences, or grievances arising out of the interpretation or application of the provisions of this agreement * * * " Hence Sperry contends that since, under the contract, the granting of merit increases is a matter within its sole discretion, the union's grievance does not give rise to an arbitrable dispute. EA replies, and we think correctly, that this contention begs the question. EA contends that even if *merit* increases are at the sole discretion of the employer, the issue here is whether the salary increases were in fact granted for merit, or whether in fact they were granted as an incentive for employees to transfer to the Utah plant. If the increases were granted on the latter basis they were increases that were prohibited by the collective bargaining agreement. A determination of their true nature is properly arbitrable under the contract.

EA argues that although merit increases are at the sole discretion of the employer, the present dispute concerns the interpretation of the phrase "on a merit basis only" as that phrase applies to the particular increases objected to. Hence, it concludes, the dispute "arises out of the interpretation or application" of the agreement, and is, therefore, arbitrable. In reply, Sperry asserts that under the contract it retains the right to grant merit increases, and that such increases are not reviewable by an arbitrator. It urges that the union should not be permitted to obtain a review of such increases merely by the device of attaching a foreign label to them, i. e., by calling them "transfer increases," for if EA were permitted to create an arbitrable dispute merely by asserting that salary increases have been granted on the basis of considerations other than merit, the purpose underlying the "sole discretion" clause would be largely nullified. Sperry argues that it has bargained not merely for the right to grant merit increases, but also for the right to do so without being called before an arbitrator whenever EA disagrees with the increases granted. Consequently, Sperry contends, the court should not compel arbitration unless EA produces evidence which tends to justify its assertion that the salary increases were not granted for merit, and were granted for other reasons. Since, in Sperry's view, the union has failed to produce such evidence, the grievance does not give rise to an arbitrable dispute.

■ Proceedings under Section 301 are governed by federal law, Textile Workers Union v. Lincoln Mills, supra. The section does not contain any guides for decision, and therefore, limited only by the policy of our national labor laws, we must fashion the applicable rules from other sources. "State law, if compatible with the purposes of § 301, may be resorted to in order to find the rule that will best effectuate the federal policy." Lincoln Mills, supra, 353 U.S. at page 457, 77 S.Ct. at page 918. Also, we may look to the Federal Arbitration Act which, though not binding upon us in suits brought under Section 301, General Electric Co. v. Local 205, 1957, 353 U.S. 547, 77 S.Ct. 921, 1 L.Ed.2d 1028, does provide a "guiding analogy." Textile Workers v.

American Thread Co., D.C.Mass.1953, 113 F.Supp. 137.

■ Under New York law, the law which would govern this dispute were it not for the power granted the federal courts by Section 301, arbitration will not be compelled unless the party demanding it introduces evidence of the existence of an arbitrable dispute. General Electric Co. v. United Electrical Radio & Machine Workers, 1949, 300 N.Y. 252, 90 N.E.2d 181; Application of Berger, 1948, 191 Misc. 1043, 78 N.Y.S.2d 528. The difficulty in the present case, as the court below recognized, is that a determination of the arbitrability of the grievance depends upon the same facts relevant to a decision by an arbitrator upon the merits of the grievance. If the wage increases granted by Sperry were "on a merit basis only," then Sperry has not only not violated the contract, but the present dispute is not arbitrable. If, on the other hand, the increases were granted on the basis of considerations other than merit, Sperry has violated the contract and the dispute is arbitrable. But, merely because there is an identity of issues in the two proceedings, the court is not relieved of its duty to determine whether an arbitrable dispute exists. In construing the provisions of the Federal Arbitration Act, we have stated that after determining that the parties have entered into an arbitration agreement, the duty of the court is to determine "whether any of the issues raised in the suit were within the reach of that agreement." Kulukundis Shipping Co. v. Amtorg Trading Corp., 2 Cir., 1942, 126 F.2d 978, 988. This duty cannot be adequately performed unless the court examines the facts upon which the demand for arbitration is based as those facts relate to the language of the agreement. See Industrial Trades Union v. Woonsocket Dyeing Co., D.C.R.I.1954, 122 F. Supp. 872. To make out a case for arbitration, Sperry's alleged breach must be "put in issue by facts, as distinguished from unsupported charges * * *" Application of Berger, supra, 78 N.Y.S.2d at page 532; General Elec-

tric Co. v. United Electrical Radio and Machine Workers, supra.

■ It should be observed, however, that even in a case such as the present one, where the same facts are determinative of both arbitrability and the merits of the controversy, an order compelling the parties to submit to arbitration does not impinge upon the power of the arbitrator to decide the merits of the dispute. The difference between the two proceedings is in the quantum of proof necessary for the moving party to obtain relief. In the arbitration hearing, the party seeking relief must fully establish his claim that the opposing party has violated the contract. Determination of arbitrability only requires that the moving party produce evidence which tends to establish his claim. Once the tendency of the evidence to support the claim has been established, it is then the function of the arbitrator to weigh all the evidence and to then determine whether the contract was broken.

■ An examination of the record indicates that EA has introduced evidence which tends to support its claim that the parties are engaged in a dispute that is arbitrable under the contract. Sixteen of the twenty-eight employees consenting to transfer to the Utah plant received salary increases. Eight of these sixteen were promoted to a higher classification. Sperry asserts, and EA does not deny, that salary increases accompanying promotion to a higher classification have always been treated as merit increases. But, the other eight employees who received salary increases were not promoted; they were merely given positions of higher responsibility. EA contends that salary increases granted under these circumstances are not granted on "a merit basis only." This contention gives rise to a substantial problem in the interpretation of the agreement. EA is entitled to have an arbitrator determine whether it is correct in its contention or whether the sole discretion retained by Sperry in connection with the granting of merit increases permits the latter to grant in-

creases to employees assuming positions of higher responsibility.

The record also reveals that each of the sixteen employees who received salary increases immediately received those increases, even though their promotions or their assumptions of higher responsibility were not effective until they transferred to Utah, transfers which apparently have not occurred yet. Without passing upon the weight to be given this evidence, we think that EA may legitimately argue that the timing of the increases gives rise to a likely inference that the purpose of the increases was to provide an incentive to transfer and not to compensate for meritorious performance of duty.

We conclude that EA has established the existence of an arbitrable dispute. Whether it is correct in contending that the salary increases were granted for considerations other than merit is a question which the parties have agreed to submit to an arbitrator, and the court below properly ordered such a submission.

Affirmed.