**AMERICAN LAVA CORPORATION,**
Appellant,

v.

**LOCAL UNION NO. 222, INTERNATIONAL UNION UNITED AUTOMOBILE WORKERS OF AMERICA, A. F. of L.,** Appellee.

**No. 13206.**

United States Court of Appeals
Sixth Circuit.

Jan. 2, 1958.

John S. Fletcher, Jr., Chattanooga, Tenn. (John S. Carriger, of Strang, Fletcher & Carriger, Chattanooga, Tenn., on the brief), for appellant.

H. G. B. King, S. Del Fuston, of King & Fuston, Chattanooga, Tenn., for appellee.

Before SIMONS, Chief Judge, McALLISTER, Circuit Judge, and BOYD, District Judge.

PER CURIAM.

This is a suit for specific performance of the arbitration provisions of a collective bargaining agreement between appellee union and appellant corporation. Appellant denied that the district court had jurisdiction of the action and contended that the dispute in question was not subject to arbitration. The district court denied appellant's motion to dismiss, and granted appellee's motion for summary judgment requiring appellant to proceed with submission to arbitration of the dispute involved in the suit.

The dispute relates to the payment of a Christmas bonus, which had previously been paid by appellant to its employees for a number of years. The evidence disclosed that at the time the bargaining contract was executed the company, in answer to inquiries from employees, stated that it had no intention of doing away with the Christmas bonus. Appellant contends that the matter of the bonus was not subject to the arbitration provisions of the bargaining contract because of the provision therein that "Wages and rates of pay shall not be subject to the arbitration provisions of the contract". In the contract the company bargained with the union to do away with the previously existing benefits to the employees resulting from the free service of coffee by the company and "eating and drinking of soft drinks on the job." The bargaining contract also provided that "Any employee benefits existing prior to the effective date of this Agreement shall continue without change unless such benefits are covered by this Agreement." A further provision of the contract stipulated that "Any employee or group of employees having a grievance arising under the terms of this contract shall first take the matter up with the Steward assigned to the department * * *;" and that if any complaint was taken up as a grievance but not satisfactorily settled, the matter could then be submitted to arbitration by either party.

The Christmas bonus was not included within the "wages and rates of pay provision," as set forth in the bargaining contract. It was a highly prized benefit to which the employees had looked forward each year. The discontinuance was the abolition of an employee benefit existing prior to the effective date of the bargaining agreement, and gave rise to a grievance under the contract provisions relating to grievances, rendering it subject to the arbitration provisions of the bargaining contract.

The subject of the payment of a Christmas bonus was, therefore, under the terms of the bargaining contract, a matter for arbitration; and the district court had jurisdiction to decree specific performance of the contract. Local 19, Warehouse, etc., v. Buckeye Cotton Oil Company, 6 Cir., 236 F.2d 776.

In accordance with the foregoing, the judgment of the district court granting appellee's motion for summary judgment; denying appellant's motion to dismiss; and directing appellant to comply with the terms of the contract and submit the dispute in question to arbitration, is affirmed.