UNITED STEELWORKERS OF AMER-
ICA, Appellant,

v.

AMERICAN MANUFACTURING COM-
PANY, Appellee.

No. 13666.

United States Court of Appeals
Sixth Circuit.

March 19, 1959.

Jerome A. Cooper, Birmingham, Ala. (Arthur J. Goldberg, Gen. Counsel, David E. Feller, Associate Gen. Counsel, United Steelworkers of America, Washington, D. C., Van Derveer & Parks, Chattanooga, Tenn., Cooper, Mitch, Black & Crawford, Birmingham, Ala., on the brief), for appellant.

John S. Carriger, of Strang, Fletcher, Carriger & Walker, Chattanooga, Tenn. (Harold M. Humphreys, Chattanooga, Tenn., on the brief), for appellee.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

This action was brought by the appellant, a labor organization, under Sec. 301(a) of the Labor-Management Relations Act of 1947, Sec. 185(a), Title 29 U.S.C.A. to compel the appellee employer to arbitrate a grievance as provided by the provisions of a collective bargaining agreement between the parties. The District Judge denied the relief prayed for and entered summary judgment for the appellee.

The grievance, upon which arbitration was sought, arose out of the following circumstances. On or about March 29, 1957, James Sparks, an employee of the appellee and who was a plating tank operator, suffered a work-connected injury to his back. It was necessary for Sparks to discontinue his employment by reason of this injury. By virtue of proceedings under the Workmen's Compensation Act of Tennessee, T.C.A. § 50–901 et seq., Sparks obtained a compromise settlement and award under which the appellee was ordered to pay to Sparks in addition to the payment of certain hospital and medical expenses in the total amount of $541.80, the sum of $3,006.24, which compromise award was approved by the State Court having jurisdiction of the cause on September 9, 1957. This settlement was negotiated and effected upon the representation of Sparks' attorney and the written report of Sparks' physician made on August 14, 1957, that Sparks had a permanent partial disability to his spine of about 25 per cent. The court order approving the settlement and making the award referred to the serious dispute between the parties as to the amount of temporary total disability and as to the amount of permanent partial disability suffered by Sparks, but made no finding with respect thereto.

The award was promptly paid. Some two weeks thereafter Sparks applied to be returned to his old job with the appellee, taking the position that he was fully capable of performing all of the duties involved in the job. This position was based in part upon a written and signed statement of September 16, 1957, by the same physician who made the report of August 14, 1957, reading as follows, "To Whom It May Concern: Mr. James Sparks is now able to return to his former duties without danger to himself or to others." On September 23, 1957, the appellant filed a Grievance demanding that the appellee return Sparks to his regular job and pay him for all time lost since September 16, 1957. On October 30, 1957, appellee's attorneys wrote Sparks, sending a copy to his attorney, that his present position with regard to his capability to do the work was inconsistent with his position taken in the compensation case and requested a conference. No answer to this letter was received from Sparks or his attorney. On November 19, 1957, appellee wrote the appellant, "The Company feels at this time that the James Sparks question is not arbitrable, since a Hamilton County Circuit Court has adjudicated the mat-

ter." This action followed on December 19, 1957.

The District Judge was of the opinion that the appellee would be prejudiced if it was required to hire, as physically unimpaired, a former employee who had received a lump sum payment for a disability, the term of which coincided with the term of proposed service, and that it would be manifestly inequitable for Sparks, by repudiating the very conduct by which he induced the appellee to act, to now take a position inconsistent with such conduct and compel appellee to incur a loss. Applying the foregoing principle of estoppel he sustained appellee's motion for summary judgment.

■ It may be that the principle of estoppel is applicable to this case and would bar Sparks from reinstatement to his former position. But appellant contends that the District Court did not have the authority or jurisdiction to make such a ruling. The collective bargaining agreement did not confer such authority upon it. On the contrary, Article IV of that agreement providing for grievance procedure states that if a satisfactory agreement with respect to a complaint can not be reached through the procedure provided, "the same shall be submitted to arbitration for a decision as hereinafter provided, and such decision shall be final and binding on both parties." If the grievance is an arbitrable one under the provisions of the collective bargaining agreement, appellant has the right to have this issue, including appellee's defense of estoppel, decided by the arbitrators instead of by the Court. Textile Workers Union of America v. Lincoln Mills of Alabama, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972; Local 19, Warehouse, etc. v. Buckeye Cotton Oil Co., 6 Cir., 236 F.2d 776.

■ We recognize that under the ruling of this Court the question of whether an issue is an arbitrable one under the collective bargaining agreement is a question of law for determination by the Court. International Union, etc. v. Benton Harbor Malleable Industries, 6

Cir., 242 F.2d 536, 539–540, certiorari denied, 355 U.S. 814, 78 S.Ct. 15, 2 L.Ed. 2d 31; Local No. 149, etc., v. General Electric Co., 1 Cir., 250 F.2d 922, certiorari denied, 356 U.S. 938, 78 S.Ct. 780, 2 L.Ed.2d 813. In American Lava Corporation v. Local Union No. 222, etc., 6 Cir., 250 F.2d 137, we held the grievance there involved to be arbitrable and required the employer to arbitrate. We did not, however, attempt to adjudicate the grievance on its merits.

■ Nor do we think that arbitration could be denied as a matter of law on the ground relied upon by the appellee, namely, that the issue involved had previously been adjudicated by the Hamilton County Circuit Court. Contrary to appellee's contention, there has been no adjudication that Sparks was 25 per cent permanently disabled. The State Court judgment in the Workmen's Compensation proceeding referred to the dispute existing between the parties with respect to the injuries and approved a compromise settlement without making a finding on the extent of the injuries. The question of estoppel may be involved, but the nature and extent of Sparks' injuries were not judicially determined.

■ However, it is settled law that the judgment of the trial court should be affirmed if the appellate court is of the opinion that it is correct, even though for reasons different from those relied upon by the trial judge. Helvering v. Gowran, 302 U.S. 238, 245, 58 S.Ct. 154, 82 L.Ed. 224; J. E. Riley Investment Co. v. Commissioner, 311 U.S. 55, 59, 61 S.Ct. 95, 85 L.Ed. 36. If the grievance was not an arbitrable one as a matter of law, the judgment dismissing the action must be affirmed. International Union, etc., v. Benton Harbor Malleable Industries, supra, 6 Cir., 242 F.2d 536, certiorari denied, 355 U.S. 814, 78 S.Ct. 15, 2 L.Ed. 2d 31. Accordingly, we consider that question.

Article XIV of the collective bargaining agreement states that the company and the Union fully recognize the principle of seniority as a factor in reem-

ployment and filling of vacancies "where ability and efficiency are equal."

Article II provides, "If any discharged * * * employee contends that he was not guilty of the cause given, he may question his discharge by filing written protest within three (3) working days from the date of his discharge * * *. Should the parties fail to agree the arbitration clause may be invoked."

Article IV provides the Grievance Procedure and Arbitration. It states, "If any employee * * * shall have any grievance as to the meaning, application, operation of any provision of the agreement, the same shall be promptly submitted by such employee * * * to the Foreman of the Department in which the grievance arises." After providing for further processing of the grievance at different levels, it provides that if a satisfactory agreement on the complaint can not be reached, "the same shall be submitted to arbitration for a decision as hereinafter provided, and such decision shall be final and binding on both parties." Another paragraph of Article IV provides, "Any disputes, misunderstandings, differences or grievances arising between the parties as to the meaning, interpretation and application of the provisions of this agreement, which are not adjusted as herein provided, may be submitted to the Board of Arbitration for decision."

Appellant contends that the refusal of the appellee to restore Sparks to his former position in accordance with his seniority rights is in effect a discharge for cause, which may be challenged by the employee under Article II. Appellee contends that under Article XIV Sparks' right to reemployment by reason of seniority is conditional upon his ability and efficiency being equal to that of other employees, and that by reason of his permanent, partial disability his ability and efficiency is not equal to that of other employees and that he is not physically able to perform the duties of the job. Appellant's reply to this is that Sparks' ability and efficiency is a factual issue about which the parties disagree. We

are of the opinion that a dispute or difference exists between the parties, which, under Article IV, the appellant would be entitled to have submitted to arbitration, unless barred for the reason hereinafter discussed.

In International Union, etc., v. Benton Harbor Malleable Industries, supra, 6 Cir., 242 F.2d 536, 540, certiorari denied, 355 U.S. 814, 78 S.Ct. 15, 2 L.Ed.2d 31, we indicated, without deciding, that a frivolous, patently baseless claim is not sufficient to raise an arbitrable issue. In Local 205, etc., v. General Electric Co., 1 Cir., 233 F.2d 85, 101, affirmed 353 U.S. 547, 77 S.Ct. 921, 1 L.Ed.2d 1028, the Court expressed the same view. There is other authority to this effect. Annotation, 24 A.L.R.2d 762, 764. See also: Engineers Association v. Sperry Gyroscope Co., etc., 2 Cir., 251 F.2d 133, 136–137. We believe that such a rule is applicable to this case.

In his petition in the Workmen's Compensation suit, filed May 10, 1957, and amended June 4, 1957, Sparks alleged that his usual employment required him to lift heavy objects from a rack about waist-high over his head and in order to do so was required to get in an awkward or strained position, that during the last part of January or the first part of February, 1956, while engaged in his usual employment, he suffered a ruptured intervertebral disc for which he received treatment at Campbell Clinic in Chattanooga, Tennessee, on sixty-six different days since February 6, 1956, that on or about March 29, 1957, while performing essentially the same type of work and again lifting a large frame, he again injured or reinjured his back and aggravated the condition above referred to, and since that date he had no longer been able to perform his duties.

■ On August 14, 1957, Sparks' personal physician who had performed an operation on Sparks advised that Sparks could not lift over thirty pounds of weight and made a written report in which he stated that he believed Sparks would have permanent disability as far as his lumbar spine was concerned by

reason of having had a herniated disc which necessitated surgery, and "I believe his disability was 55 or 60 per cent before surgery and I believe it is approximately 25 per cent at the present time. I also believe that his partial permanent disability will remain at about 25 per cent."

On August 28, 1957, Dr. Shelton examined Sparks for the appellee and reported that he estimated his permanent partial disability to be 25 per cent for the body as a whole for his particular type of work. On November 14, 1957, Dr. Shelton again examined Sparks and made a detailed report in writing to the appellee which concluded with the statement, "I see no reason to change my opinion as stated on the examination of August 28, 1957. * * * I see no change in the physical findings, so I see no reason to change my opinion as expressed on that examination. It is my opinion that he should not be placed on work requiring heavy lifting, or prolonged stooping or bending." An affidavit by the Plant Manager of the appellee stated that the appellee did not have any light jobs and that it had no work to provide Sparks where he would not be required to bend and stoop and lift, or where he would not at times have to lift weights totaling more than thirty pounds. This was supported by photographs taken in the normal course of operations showing the plating department where Sparks worked, typical work procedure necessary for men in the plating department and the heavy nature of part of the work required.

It will be noticed that the September 16, 1957, statement of Sparks' physician that "Mr. James Sparks is now able to return to his former duties without danger to himself or to others," makes no specific findings resulting from an examination subsequent to August 14, 1957, does not attempt to explain why the 25 per cent permanent disability existing on August 14, 1957, no longer existed, and in fact does not state that the 25 per cent permanent disability does not still exist. The statement that Sparks could return to work "without danger to himself or to others" falls far short of saying that he could return to his former position with "ability and efficiency" equal to that of other employees, which is necessary in order for him to claim his seniority rights under Article XIV. In fact, considered in the light of the allegations of the complaint as amended in the Workmen's Compensation case, the kind of work Sparks would be required to do, and the findings in the three physical examinations made of Sparks during the preceding thirty-three days, it is so lacking in probative value with respect to the issue in this case as to compel the conclusion that the so-called claim or grievance is a frivolous, patently baseless one, not subject to arbitration under the collective bargaining agreement between the parties.

The judgment of the District Court is affirmed.