In the Matter of the Arbitration between David **LIVINGSTON**, as President of District 65, **R.W.D.S.U.**, **A.F.L.-C.I.O.**, Petitioner-Union,

and

**GINDOFF TEXTILE CORPORATION**, Respondent-Company.

United States District Court
S. D. New York.
Jan. 5, 1961.

# 136

Weisman, Allan, Spett & Sheinberg, New York City, for petitioner, Irving Rozen, New York City, of counsel.

George Plotkin, New York City, for Joseph Berlin & Co., Inc.

McGOHEY, District Judge.

The petitioner (hereafter "the Union") seeks an order directing that Joseph Berlin & Co., Inc. (hereafter "Berlin") be made a party respondent in the above-entitled arbitration proceeding.

Berlin opposes on two grounds; that it neither is nor ever was, a party to any contract with the Union; and that it never has consented to enter into any arbitration with the Union

The petition is denied.

Jurisdiction is invoked under section 301 of the Labor Management Relations Act[1] and the United States Arbitration Act.[2] The Union has not commenced suit under the first statute. It merely filed the instant petition under the second statute. Berlin, however, has not challenged the propriety of this procedure in its answering affidavits and, therefore, whatever objection it might have interposed has been waived. The court undoubtedly has jurisdiction under section 301.[3]

The relevant facts are not in dispute. The arbitration was instituted early in 1960 to resolve a dispute between the Union and Gindoff Textile Corporation (hereafter "Gindoff") arising out of a collective bargaining agreement dated February 1, 1957, between the Union and Wholesale Distributors Association, Inc. (hereafter "the Association"), acting on behalf of its members of whom Gindoff was one. Originally the contract was to expire on February 14, 1960 but, on June 24, 1959, the expiration date was changed to February 15, 1961.

On November 3, 1959, all of Gindoff's stockholders agreed to dissolve the corporation, and on November 13, 1959, Gindoff notified its employees, including those who were members of the Union, that their employment would be terminated at the end of December, 1959. Dissolution of Gindoff was, for all practical purposes, completed on December 31, 1959. The Union members' employment was terminated as of that date and they received severance pay.

The Union disputed the correctness of Gindoff's computation of severance pay for certain of the discharged Union members and on March 15, 1960 advised Gindoff that unless the amounts as computed by the Union were paid it would "file for arbitration." Gindoff refused this demand. Thereafter the above-entitled arbitration proceeding was instituted, an arbitrator was agreed on and a hearing was noticed for April 20, 1960. What, if anything, transpired in the arbitration proceedings between then and June, 1960 does not appear. Early in June, however, the Union urged a new contention in the proceedings, namely, that Gindoff should be required to reemploy all the discharged Union members on the ground that it had not truly ceased doing business but, through Berlin, was continuing its regular business just as before dissolution. Gindoff denied this and rejected the demand. The Union thereupon caused a subpoena duces tecum to be served on Berlin requiring it to give testimony and produce certain records in the arbitration proceedings. The latter obeyed the subpoena. Its president, Joseph Berlin, produced the demanded documents and testified before the arbitrator. The latter thereafter requested briefs within thirty days from the Union and Gindoff and ordered the hearings closed on receipt thereof. Shortly before the expiration of the thirty days, the Union asked Berlin to consent to be

1. 29 U.S.C.A. § 185.

2. 9 U.S.C.A. § 1 et seq.

3. Engineers Ass'n v. Sperry Gyroscope Co., etc., 2 Cir., 251 F.2d 133, 135, certiorari denied 356 U.S. 932, 78 S.Ct. 774, 2 L.Ed.2d 762.

brought into the arbitration proceedings as a "party respondent." Berlin refused. Thereupon the Union filed the instant petition in this court and asked a stay of the arbitration proceedings, pending decision here. The stay was granted.

Berlin was incorporated in December, 1959 by four men who had been minority stockholders and employees of Gindoff. Berlin commenced doing business about the middle of February, 1960. None of the majority and controlling stockholders of Gindoff is an officer or stockholder of Berlin.[4] The latter does business at a different address and the dollar volume of its business is substantially less than that done by Gindoff prior to dissolution. Shortly after Berlin commenced business it entered into a collective bargaining agreement with Allied Crafts Union. Berlin is not and never has been a member of the Association.

Whether or not a "run away shop" situation exists here is not to be determined on the instant petition. Neither is there before me the merits of any claim the Union may have against Berlin or its officers and stockholders. This, it must be remembered, is not a plenary suit against it or them under section 301. The sole issue to be determined on this petition is whether, on the undisputed facts set forth above, Berlin can be compelled to arbitrate the Union's claims against it. The answer, it seems clear, must be in the negative.

The court's first duty here is to determine whether there exists any agreement between Berlin and the Union to arbitrate disputes arising between them.[5] This is necessarily so because "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."[6] The undisputed facts here are that Berlin has never en-

tered into any agreement to arbitrate disputes between it and the Union; and Berlin has not consented to become a party to the pending arbitration between the Union and Gindoff.

Accordingly, the petition is in all respects denied and the stay of the pending arbitration proceedings between the Union and Gindoff is vacated.

So Ordered.

---

4. The majority stockholders of Gindoff were members of the Gindoff family and two corporations controlled by that family.

5. Kulukundis Shipping Co., S/A v. Amtorg Trading Corp., 2 Cir., 126 F.2d 978, 988;

Engineers Ass'n v. Sperry-Gyroscope Co., etc., supra, 251 F.2d 137.

6. United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409.