**OFFICE EMPLOYES INTERNATIONAL UNION, LOCAL 153, AFL–CIO, Petitioner,**

v.

**WARD–GARCIA CORPORATION, Garcia Line Corporation, Respondent.**

United States District Court
S. D. New York.
Jan. 18, 1961.

---

Walter M. Colleran, New York City, for petitioner.

Hill, Betts, Yamaoka, Freehill & Longcope, New York City, for respondent, Garcia Line Corp. Edwin Longcope, New York City, of counsel.

WEINFELD, District Judge.

The petitioner Union applies for an order to compel the respondent, Garcia Line Corporation, a Delaware corporation, to arbitrate an issue concerning vacation pay and severance allowances. Admittedly, the controversy is arbitrable under a contract entered into in September 1958 by the petitioner with another corporation, Ward-Garcia Corporation, "its successors and assigns." The latter corporation discontinued its business in June 1959.

■ Petitioner seeks to compel the respondent herein, Garcia Line Corporation, not a party to the original agreement, to submit to arbitration upon the claim that it is the "successor" of the original signatory. The respondent denies that it is such. The petitioner would have this issue, as well as that of pay and severance allowances, decided under the arbitration clause of the agreement. However, petitioner may avail itself thereof only if the respondent is subject to its terms; that basic issue is a matter for judicial determination.[1]

The situation here presented is governed by the Arbitration Act, 9 U.S.C. § 4, which, in pertinent part, provides:

> "If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. If no jury trial be demanded by the party alleged to be in default, * * * the court shall hear and determine such issue."

The petitioner urges that the broad sweep of the recently decided case of United Steelworkers v. American Mfg. Co., 1960, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403, requires that the question of whether respondent is a "successor" be determined by the arbitrators. That case holds only that once parties agree to submit matters to arbitration, the courts cannot invade the function of the arbitrators as delineated by the agreement.

■ Petitioner's view presupposes that there is an arbitration agreement that is binding upon the respondent—thus assuming the very point in controversy. If petitioner's position were upheld, it would do violence to the judicial process by forcing a stranger to an agreement to submit to arbitration a justiciable issue as to whether he is bound by the agreement. As succinctly stated by Mr. Justice Douglas in the companion Steelworkers case:

> "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute to which he has not agreed so to submit."[2]

1. Cf. Reconstruction Fin. Corp. v. Harrisons & Crosfield, Ltd., 2d Cir., 204 F.2d 366, 368, certiorari denied, 1953, 346 U.S. 854, 74 S.Ct. 69, 98 L.Ed. 368; Petition of Ropner Shipping Co., D.C.S.D.N.Y. 1954, 118 F.Supp. 919.

2. United Steelworkers v. Warrior & Gulf Navigation Co., 1960, 363 U.S. 574, 582, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409.

The respondent has advised the Court that it does not desire a jury trial, but suggests that the affidavits submitted by the parties on this application are sufficient to enable the Court to decide the issue without a trial. The Court is of the view that not only the respondent, but the petitioner, is entitled to a trial of the contested issue at which witnesses may testify and be observed by the trier of the fact.[3] However, both parties may waive the trial and consent that the matter be decided upon the record as submitted.

The motion is granted only to the extent of setting the matter down for trial before this Court on January 30, 1961, at 10 A.M. to hear and determine the issues herein.

Settle order on notice within two days from the date hereof.

3. Cf. Dyer v. MacDougall, 2 Cir., 1952, 201 F.2d 265, 268–269.