In the Matter of the Arbitration between
**AMERICAN MACHINE AND FOUNDRY CO., Respondent,**

and

**UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, UAW, AFL–CIO, LOCAL 116, Petitioner.**

**No. 63 Civ. 1418.**

United States District Court
S. D. New York.

July 22, 1963.

Rubenstein, Droisen & Rubenstein, New York City, for petitioner.

Rogers, Hoge & Hills, New York City, for respondent.

## MEMORANDUM

COOPER, District Judge.

Petitioner brings this motion by Petition and Notice of Motion, pursuant to the U.S. Arbitration Act, 9 U.S.C. Sec. 10 and Labor Management Relations Act, Sec. 301, 29 U.S.C. § 185, to vacate an award of March 12, 1963 by an arbitrator selected and concurred in by both sides.

The respondent contends that this court does not have jurisdiction of the summary proceedings instituted herein, pursuant to the Arbitration Act, in light of the decision in Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957).

There has been no definitive ruling since *Lincoln Mills,* supra, that this court is divested of jurisdiction of labor actions instituted by petition and notice of motion pursuant to the Arbitration Act. Indeed, in some cases, the courts have considered the case on the merits and accepted the petition and notice of motion in lieu of a summons and complaint (as required by Sec. 301 of the Labor Management Relations Act) where no prejudice to the respondent was shown. See, Engineers Ass'n v. Sperry Gyroscope Co., etc., 251 F.2d 133 (2d Cir. 1957); Carey v. General Electric Company, 213 F.Supp. 276, 294 (S.D.N.Y.1962), aff'd 315 F.2d 499 (2d Cir. 1963).

Accordingly, this court will direct its attention to the merits of petitioner's claims.

The parties ultimately agreed to a submission before the Arbitrator reading:

Under the terms and provisions of the current labor Agreement, and other written agreements, does the Company have the right to schedule and require employees to work sufficient and reasonable amounts of overtime and to discipline individual employees for refusing to work such overtime (Tr. p. 255).

The Arbitrator resolution that issued in respondent's favor:

Under the terms and provisions of the current Labor Agreement and other agreements, the Company has the right to schedule and require employees to work sufficient and reasonable amounts of overtime and to discipline individual employees for refusing to work overtime, unless in any particular instance the individual employee has a justifiable, valid reason to excuse him from working the required overtime.

Petitioner's principal grievances are: (a) the Arbitrator was "evidently partial, prejudiced and biased", (b) he "amended" the labor agreement involved, (c) he "exceeded his powers in extending and enlarging the specific issue submitted to him without authorization by the parties."

## THE UNION IS NOT ENTITLED TO A REVIEW ON THE MERITS

█ To review the merits would create havoc with awards by arbitrators chosen to settle labor disputes.

* * * the courts have no business overruling him because their interpretation of the contract is different from his. United Steelworkers of America v. Enterprise Wheel and Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

The award here must stand unless it is made abundantly clear that it was obtained through "corruption, fraud, or undue means". Karppinen v. Karl Kiefer Machine Co., 187 F.2d 32 (2d Cir. 1951).

Having bargained for the decision of the arbitrator on the question of whether Calise's conduct and criminal conviction constitutes "just cause" for discharge, the parties are bound by it, even if it be regarded as unwise or wrong on the merits * * * Local 453 International Union of Electrical Radio & Machine Workers v. Otis Elevator Co., 314 F.2d 25 (2d Cir. 1963).

Absent here then is that "positive assurance" that the binding authorities make imperative.

## THE ARBITRATOR WAS UNBIASED

█ Caustic indeed is respondent's characterization of the Arbitrator's approach to the fulfillment of his responsibility. A "hatred" of unions is attributed to him; his writings on arbitration " * * * advice to management how to best labor in the field of labor relations (Respondent's Memorandum, p. 16). The references, recently discovered, to his background in this specialized field were certainly available before his selection was concurred in by petitioner from a list of five. That background clearly does not support the complaint. The accusations are completely without merit and unbecoming. They are totally disregarded.

## THE ARBITRATOR DID NOT EXCEED HIS POWERS

From all the papers, including the transcript of the Hearings (and exhibits received thereat), nothing of consequence appears to sustain petitioner's contention that the Arbitrator altered, revised, amended the agreement of the parties or exceeded his powers upon the submission. In the main, the Arbitrator relied upon the labor agreement involved, the past practices of the parties with respect thereto, their intent, and the reasonable inferences which the relationship warrant.

## CONCLUSION

The petition to vacate the Arbitrator's award is denied in all respects.

This is to be considered an order; settlement thereof is unnecessary.

So ordered.