**LAS VEGAS LOCAL JOINT EXECUTIVE BOARD OF CULINARY WORKERS AND BARTENDERS, Culinary Workers Union, Local No. 226, and Bartenders Union, Local No. 165, Appellants,**

v.

**LAS VEGAS HACIENDA, INC., and Casino Operations, Inc., Appellees.**

**No. 21349.**

United States Court of Appeals
Ninth Circuit.

Sept. 27, 1967.

Joseph C. Crawford, Irwin Aarons, Las Vegas, Nev., Roland Davis, Carroll Davis, Burdick & McDonough, San Francisco, Cal., for appellants.

Douglas J. Shoemaker, Foley, Garner & Shoemaker, Las Vegas, Nev., for appellees.

Before BARNES and MERRILL, Circuit Judges, and von der HEYDT, District Judge.

MERRILL, Circuit Judge:

Appellants commenced this action to compel arbitration under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

For many years appellant unions have jointly bargained with a multiemployer bargaining association of Las Vegas, Nevada, resort hotels, presently represented by the Nevada Industrial Council. Appellee Las Vegas Hacienda, Inc., is a member of that association. Appellee Casino Operations, Inc., operates the casino at the Hacienda but is not a member of the association. Appellants contend that Casino Operations was either owned, operated or substantially controlled by Hacienda and, under the terms of the collective bargaining agreement with the resort hotels,[1] was therefore a party to and bound by that agreement.

So contending, appellants sought to secure compliance by Casino Operations with contract provisions respecting change girls and booth cashiers. When they were unsuccessful they requested adjustment and arbitration pursuant to the terms of the contract. Failing to secure satisfactory adjustment of the dispute, appellants brought this action to compel arbitration.

The District Court found that Casino Operations was not owned, operated or substantially controlled by Hacienda and thus was not a party to the bargaining agreement and could not be forced to submit to arbitration. Since Casino Operations employees were the subject of the dispute the court held that, although it was admittedly bound by the agreement with the union, Hacienda's obligation to submit to arbitration was mooted by the court's resolution of the status of Casino Operations. This appeal followed.

Appellants contend that by making its determination the District Court usurped the functions of the arbitrator, passing upon the precise issue sought to be submitted to arbitration.

■ ■ We disagree. Whether or not one is a party to a collective bargaining contract is, when that question is disputed, a question for the courts and not the arbitrator.[2] There was ample evidence in the record to support the ruling of the court below on that question.

Affirmed.

---

1. "This Agreement shall cover all operations within the jurisdiction of the Union, which are now or which may during the term hereof (or any extension thereof) be owned by, operated by or substantially under the control of the Employer; the term 'Employer' shall be deemed to include any person, firm, partnership, corporation, joint venture or other legal entity substantially in control of, substantially controlled by, or substantially under the control of an employer covered by this Agreement."

2. Cf. John Wiley & Sons v. Livingston, 376 U.S. 543, 547, 84 S.Ct. 909, 11 L.Ed. 2d 898 (1964):

"Here, the question is whether Wiley, which did not itself sign the collective bargaining agreement on which the Union's claim to arbitration depends, is bound at all by the agreement's arbitration provision. * * * [J]ust as an employer has no obligation to arbitrate issues which it has not agreed to arbitrate, so a fortiori, it cannot be compelled to arbitrate if an arbitration clause does not bind it at all."

The Court concluded that this question was for the courts. See also Procter & Gamble Ind. Union v. Procter & Gamble Mfg. Co., 312 F.2d 181, 184 (2d Cir. 1962), cert. denied, 374 U.S. 830, 83 S.Ct. 1872, 10 L.Ed.2d 1053 (1963); Livingston v. Gindoff Textile Corp., 191 F.Supp. 135, 137 (S.D.N.Y.1961); Office Employees Inter. Union, Local 153 v. Ward-Garcia Corp., 190 F.Supp. 448, 449 (S.D.N.Y.1961).