DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Leanne Fellmeth has appealed from a judgment of the Summit County Common Pleas Court, Juvenile Division, that modified the child support obligation of her child's father, appellee Joseph Cravens; ordered that the parents institute a shared parenting plan; and granted Mr. Cravens's parents visitation rights. She has argued that Mr. Cravens failed to commence an action and, therefore, failed to invoke the jurisdiction of the trial court.[1] This Court reverses and vacates the trial court's judgment because the court was without jurisdiction over this matter.
 I.
Because this Court vacates the trial court's judgment based on Mr. Cravens's failure to invoke the jurisdiction of the trial court, only a limited recitation of facts is in order. Ms. Fellmeth and Mr. Cravens are the parents of a child born January 24, 1992. The child was born when the parents were unmarried and in high school. Although Ms. Fellmeth and Mr. Cravens planned to get married at one time, their romantic relationship came to an end and Ms. Fellmeth commenced an administrative proceeding with the Summit County Child Support Enforcement Agency ("CSEA"). Pursuant to Section 3111.22 of the Ohio Revised Code, CSEA issued an order that established that Mr. Cravens was the child's father. On October 24, 1994, CSEA ordered Mr. Cravens to pay monthly child support of $278.05. Neither party appealed the CSEA support order to the juvenile court pursuant to Section 3111.22(C)(4)(b) of the Ohio Revised Code.
On April 11, 1995, Mr. Cravens attempted to commence an action in the Summit County Common Pleas Court, Juvenile Division, by filing a "Motion to Modify Child Support, Motion for Shared Parenting." Mr. Cravens's parents also moved the court to grant them visitation rights. Prior to responding to the merits of the motions, Ms. Fellmeth moved the trial court to strike them. She contended that, because Mr. Cravens had not commenced an action, the court was without jurisdiction to rule on the motions. The trial court overruled Ms. Fellmeth's motion and set a date for trial on the issues of custody and visitation. Ms. Fellmeth immediately attempted to appeal the denial of her motion to strike, but this Court dismissed her appeal for lack of a final appealable order.
The case proceeded through hearings on the various motions. On June 2, 1997, the trial court issued an order that modified Mr. Cravens's child support obligation, granted his request for shared parenting of the child, and granted his parents visitation rights. Ms. Fellmeth timely appealed to this Court.
 II. A.
Ms. Fellmeth's first assignment of error is that the trial court lacked jurisdiction to preside over this matter. This Court finds merit in two of the jurisdictional arguments she has raised: (1) that the court's jurisdiction was never invoked because Mr. Cravens failed to commence an action, and (2) even if an action had been properly commenced, the trial court had no jurisdiction to modify the CSEA child support award.
Rather than filing a complaint, Mr. Cravens attempted to commence an action in the juvenile court by filing a "Motion to Modify Child Support, Motion for Shared Parenting." Although identified as a "motion," a document might be construed as a complaint if it satisfies the basic pleading requirements. A complaint is required to contain "a short and plain statement of the claim showing that the party is entitled to relief" and a demand for judgment. Rule 8(A) of the Ohio Rules of Civil Procedure. Mr. Cravens's motion did not satisfy these basic pleading requirements, nor has he ever argued that it did.
Although the trial court would have had continuing jurisdiction to modify its own child support, custody, or visitation orders, see Section 3111.16 of the Ohio Revised Code, the court had never issued any orders regarding this child. Issues of visitation and custody[2] that were not subject to a prior order of the juvenile court could be brought before the court only by filing a complaint. See, e.g., Sections 3109.12(A) and3111.13(C) of the Ohio Revised Code.
A civil action is commenced only by filing a complaint and obtaining service within one year. Rule 3(A) of the Ohio Rules of Civil Procedure. It is the filing of the complaint that invokes the jurisdiction of the trial court, while service gives the court personal jurisdiction over the parties. See State ex rel. Balsonv. Harnishfeger (1978), 55 Ohio St.2d 38, 39-40.
Because Mr. Cravens filed no complaint, he failed to invoke the jurisdiction of the juvenile court. See Sears v. Seamens
(Apr. 27, 1989), Cuyahoga App. No. 56244, unreported; MinersvilleCoal Co. v. Anthracite Export Assn. (M.D.Pa., 1972),55 F.R.D. 429, 432. A failure to invoke the jurisdiction of the trial court does not, in and of itself, deprive the court of subject matter jurisdiction so as to render the resulting judgment void. SeeSchlesinger v. Councilman (1975), 420 U.S. 738, 742,43 L.Ed.2d 591, 599, fn. 5.
Instead, failure to invoke the court's jurisdiction falls within a separate category of jurisdiction, which this Court recognized in State v. Swiger (Jan. 28, 1998), Summit App. Nos. 17864/18416, unreported at 7-9:
 In addition to jurisdiction of the person and jurisdiction of the subject matter, courts in some other states have explicitly recognized another type of "jurisdiction" that encompasses the situation here. Indiana courts have long recognized three distinct categories of jurisdiction: (1) jurisdiction of the subject matter; (2) jurisdiction of the person; and (3) jurisdiction of the particular case. See, e.g., Browning v. Walters (1993), 620 N.E.2d 28, 31; State v. Reeves (1955), 125 N.E.2d 794, 796. The third category of jurisdiction encompasses the trial court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction. Browning, 620 N.E.2d at 31. It is only when the trial court lacks subject matter jurisdiction that its judgment is void; lack of jurisdiction of the particular case merely renders the judgment voidable. Russell v. Russell
(1996), 666 N.E.2d 943, 952, vacated on other grounds, 682 N.E.2d 513.
The Virginia Supreme Court has explained:
 [T]he term jurisdiction embraces several concepts including subject matter jurisdiction, * * * territorial jurisdiction, * * * notice jurisdiction, * * * and "the other conditions of fact must exist which are demanded by the unwritten or statute law as the prerequisites of the authority of the court to proceed to judgment or decree." * * *.
 While these elements are necessary to enable a court to proceed to a valid judgment, there is a significant difference between subject matter jurisdiction and the other "jurisdictional" elements.
Morrison v. Bestler (1990), 387 S.E.2d 753, 755 (citations omitted).
 Michigan courts have likewise written that the concept of subject matter jurisdiction is limited to the court's "power over the class of cases, not the particular case before it":
 [W]here it is apparent from the allegations that the matter alleged is within the class of cases in which a particular court has been empowered to act, jurisdiction is present. Any subsequent error in the proceedings is only error in the "exercise of jurisdiction," as distinguished from the want of jurisdiction in the first instance.
 * * * [I]n cases where the court has undoubted jurisdiction of the subject matter, and of the parties, the action of the trial court, though involving an erroneous exercise of jurisdiction, which might be taken advantage of by direct appeal, or by direct attack, yet the judgment or decree is not void though it might be set aside for the irregular or erroneous exercise of jurisdiction if appealed from.
In the Matter of Waite (1991), 468 N.W.2d 912, 917 (emphasis in the original). This Court is persuaded by the reasoning of these other courts.
Failure to invoke the jurisdiction of the trial court by the filing of a complaint is a jurisdictional defect that will be waived if not timely raised. See Engineers Assn. v. SperryGyroscope Co. (C.A. 2, 1957), 251 F.2d 133, 135. If the opposing party proceeds as if an action had been properly commenced, and responds on the merits of the dispute without challenging the jurisdictional defect, he waives his right to raise it later. Id.
Ms. Fellmeth preserved this issue for appellate review by raising a timely challenge in the trial court. Prior to responding to the merits of the motions of Mr. Cravens and his parents, Ms. Fellmeth moved the trial court to strike the motions because Mr. Cravens had no action pending before the court. Because, as explained above, Ms. Fellmeth's challenge had merit, the trial court incorrectly overruled it. The trial court's jurisdiction was never invoked and, consequently, the court had no authority to rule on the merits of the motions. For that reason, this Court must reverse and vacate the trial court's judgment. Moreover, even if Mr. Cravens had filed a complaint to commence an action, the juvenile court would have had no authority to modify Mr. Cravens's child support obligation. Mr. Cravens was asking the juvenile court to modify an order of CSEA. His right to do so was governed by Section 3111.22(C)(5)(d) of the Ohio Revised Code, which, at that time, provided:
 The mother or the father may object to the administrative order by bringing an action for the payment of support under Section 2151.231 of the Revised Code in the Juvenile Court * * *. The action shall be brought no later than thirty days after the date of the issuance of the administrative order requiring the payment of child support. If neither the mother nor the father brings an action for the payment of support within that thirty-day period, the administrative order requiring the payment of support is final and may be modified only in accordance with Sections 3113.21
to 3113.219 or Section 3111.27 of the Revised Code.
Because Mr. Cravens failed to seek timely review of the CSEA order, it was final and not subject to review or modification by the juvenile court. Mr. Cravens's only avenue for seeking modification of the CSEA order was pursuant to Section 3111.27 of the Ohio Revised Code, which provides for review by the CSEA, not the juvenile court. Mr. Cravens has no right to bring this issue to the juvenile court, and the juvenile court has no jurisdiction over the issue, unless and until CSEA modifies its existing order and either party files objections in the juvenile court pursuant to Section 2151.23.1 of the Ohio Revised Code. Section3111.27(C)(3) of the Ohio Revised Code.
For the reasons stated above, the trial court was without jurisdiction over this matter. Ms. Fellmeth's first assignment of error is sustained.
 B.
Ms. Fellmeth has assigned five errors relating to the merits of the trial court's judgment. Because this Court has determined that the trial court was without jurisdiction over this matter, the remaining assignments of error are moot. Ms. Fellmeth's second through sixth assignments of error are overruled. See Rule 12(A)(1)(c) of the Ohio Rules of Appellate Procedure.
 III.
Ms. Fellmeth's first assignment of error is sustained. Her remaining assignments of error are overruled as moot. The judgment of the trial court is reversed and vacated.
Judgment reversed and vacated.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
 Exceptions. _______________________________ CLAIR E. DICKINSON
FOR THE COURT
QUILLIN, J., P. J.
REECE, J. CONCUR.
[1] She has also argued that the trial court committed several errors in ruling on the merits of this matter. This Court will not reach those alleged errors because the jurisdictional issue is dispositive.
[2] Modification of the CSEA child support order is a separate issue and will be discussed later in this opinion.